ELIZABETH HARTER, Appellant, *v.* ROBERT E. WESTCOTT, as President of WESTCOTT'S EXPRESS COMPANY, et al., Respondents.

1. INJUNCTION — DAMAGES. Where, in an action to enjoin interference with a party wall, the plaintiff obtains two distinct temporary injunctions, secured by separate undertakings, the first restraining the defendant from removing the wall and the second restraining him from building upon it, and the trial results in a judgment enjoining the defendant from interfering with the original wall but declaring that he has a right to build upon it, and, on motion, the second injunction is vacated in so far as it enjoined building upon the wall, the result of the trial and motion is, in law, a decision that the plaintiff was not entitled to the second injunction, and renders the sureties on the undertaking for that injunction liable for the damages suffered thereunder.

2. Appeal — Party Aggrieved. The plaintiff in an injunction action, being ultimately liable to his sureties for any money they may be compelled to pay, is entitled to take an appeal from an order fixing damages in a proceeding against the sureties.

*Harter* v. *Westcott*, 11 Misc. Rep. 180, affirmed.

(Argued February 3, 1898; decided March 1, 1898.)

Appeal from an order of the General Term of the late City Court of Brooklyn, entered January 28, 1895, modifying and affirming, as modified, an order confirming the report of a referee fixing damages under an injunction.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John R. Kuhn* for appellant. There has been no breach of the condition of the undertaking. (*Palmer* v. *Foley*, 71 N. Y. 106; *Leavitt* v. *Dabney*, 9 Abb. Pr. 373; *Randall* v. *Carpenter*, 88 N. Y. 293.) The order of reference should not have been granted. (*Benedict* v. *Benedict*, 76 N. Y. 600.) The damages allowed by the referee are excessive. (*Cauffman* v. *Van Buren*, 136 N. Y. 252; *Randall* v. *Carpenter*, 88 N. Y. 293; *McDonald* v. *James*, 6 J. & S. 76; *Disbrow* v. *Garcia*, 52 N. Y. 654; *Hovey* v. *R. T. P. Co.*, 57 N. Y. 119; *Andrews* v. *G. W. Co.*, 50 N. Y. 282; *Newton* v. *Russell*, 87 N. Y. 531.)

*Foster L. Backus* for respondents. The defendants were entitled to damages by reason of the extra work and counsel fee for the same, made necessary at the trial by reason of this injunction. (*Andrews* v. *G. W. Co.*, 50 N. Y. 282.) Counsel fees on the reference were properly allowed. (*Rose* v. *Post*, 56 N. Y. 603; *Holcomb* v. *Rice*, 119 N. Y. 598.) The undertaking given after the injunction order issued entitled defendants to recover past as well as future damages under such order. (Spelling's Extra. Relief, § 938; High on Injunctions, § 1640; *Pierson* v. *Ells*, 46 Hun, 336; *Walker* v. *Prichard*, 11 L. R. A. 577.) It was proper to include the loss of rent and increased expenses of building by reason of

the delay caused by the injunction. (*Roberts* v. *White*, 73 N. Y. 375.)

BARTLETT, J. The main contention of the plaintiff and appellant is that there has never been a decision by the trial court that she was not entitled to the injunction, and consequently the order of reference to determine defendants' damages thereunder is premature and unauthorized.

The plaintiff and the defendant Westcott's Express Company were the owners of adjoining premises in the city of Brooklyn.

On or about February 21st, 1893, this action was commenced, among other things, to restrain the defendants from removing any portion of a wall claimed by the plaintiff to be a party wall. An order was obtained to show cause why an injunction should not issue, and in the meantime a temporary injunction was granted, the plaintiff giving an undertaking in the usual form for $250. The hearing on this order to show cause was continued by mutual consent until April 22nd, 1893.

About April 19th, 1893, an order was granted to show cause why the defendants should not be punished for contempt for violating the temporary injunction, and in the meantime a further injunction was granted requiring defendants to refrain from trespassing upon, or erecting any wall upon or over the party wall.

On the 22nd of April, 1893, upon the return of these orders, the court directed that the whole proceeding should stand over to abide the decision of the court upon the trial of the action, and that the last-granted injunction should continue in the meantime upon condition that the plaintiff give an additional undertaking of one thousand dollars.

The plaintiff gave such an undertaking. On the 3rd day of May, 1893, the action was tried, and it was decided, among other things, that the defendants had not removed any portion of said party wall; that they had not trespassed upon the premises of plaintiff, and that the defendants were entitled to build in front and rear of the party wall and above the same.

Three days after the trial an order was entered denying the motion to punish the defendants for contempt, and vacating and setting aside so much of the order of April 19th, 1893, as provided " that the defendants, their agents and employees, were required to abstain from trespassing upon or erecting any wall upon or over the party wall, described in the complaint in this action."

The judgment entered after the trial adjudged the plaintiff had an easement only in the party wall extending one story high above the basement so long as it should stand; that the defendants were entitled to build in front and rear of said wall and above it; that these new portions of the wall were not a party wall, and cannot be used as such by plaintiff; that the plaintiff have judgment against defendants enjoining them from interfering with the old wall, with six cents damages and without costs.

The result of the trial on May 3rd, 1893, and the motion on May 6th, 1893, which had been adjourned to await the decision of the trial court, was, in brief, that the original injunction as to the party wall, secured by the undertaking for $250, was sustained, and the second injunction, restraining defendants from erecting any wall in front or in the rear of, or over the party wall, secured by the undertaking for $1,000, was vacated and set aside.

The position of the appellant, that the result of the trial and motion is not in law a decision that the plaintiff was not entitled to the second injunction, is technical and unsound. There were in this case two distinct injunctions secured by separate undertakings; they related to entirely different subject-matter; the first injunction sought to prevent interference with the party wall, and defendants in effect admitted the plaintiff's rights to the undisturbed enjoyment thereof so long as it stands; the second injunction sought to deprive defendants of the right, to which the trial court found them entitled, to build in front and rear of and over the party wall.

This right they were prevented from exercising to their damage, and the sureties in the second undertaking have

properly been held liable for such damages as the referee has found to have been suffered by the defendants.

We are of opinion that plaintiff was entitled to take this appeal in a proceeding against the sureties, as she is ultimately liable to them for any amount they may be compelled to pay.

There are several minor points discussed by the appellant, but they are not important in view of the disposition we have made of the main question.

The order appealed from should be affirmed, with costs.

All concur, except GRAY, J., absent.

Order affirmed.