■ PETER KLINGE et al., Respondents, v ITHACA COLLEGE, Appellant, et al., Defendants. [652 NYS2d 377] —Spain, J. Appeal

from an order of the Supreme Court (Relihan, Jr., J.), entered November 27, 1995 in Tompkins County, which, *inter alia*, partially denied defendant Ithaca College's motion for summary judgment dismissing the complaint.

Plaintiff Peter Klinge (hereinafter plaintiff) has been on the faculty and teaching cinema and photography at defendant Ithaca College (hereinafter the College) in the City of Ithaca, Tompkins County, since 1969. In the spring of 1983, after twice being denied promotion to a full professorship, plaintiff took a sabbatical and, with his wife, wrote and published a book entitled *Evolution Of Film Styles* (hereinafter the book). In 1985 plaintiff was promoted to full professor and, in 1992, he became chairperson of the Cinema and Photography Department. In 1993 one of plaintiff's colleagues, William Rowley, was approached by one of plaintiff's former students who pointed out several similarities between plaintiff's book and the 1972 work of another author entitled *Jean Renoir: The World of His Films*. Thereafter, Rowley again met with the student who pointed out several additional passages in plaintiff's book which were similar to passages contained in *Close-Up: A Critical Perspective on Film*, a 1972 book written by two other authors. Rowley conducted an independent investigation into the matter, concluded that plaintiff appeared to have engaged in conscious plagiarism and contacted another colleague, Patricia Zimmerman. Further investigation by the two colleagues revealed that other passages from the book closely resembled passages from books written by other authors in the early 1970s. In November 1993 Rowley and Zimmerman forwarded a formal report, citing and describing both the investigation and the specific instances of alleged plagiarism, to the Dean of the College's School of Communication. The Dean conducted his own investigation into the matter and wrote a memorandum to the Provost of the College in which he concluded that the book was excessively derivative and resembled conscious plagiarism. Significantly, in April 1994, one of the coauthors of *Close-Up: A Critical Perspective on Film* contacted plaintiff by letter regarding similarities between plaintiff's book and her book, and also sent a copy of her letter to the Provost.

In June 1994 the Provost provided plaintiff with a detailed list of the allegations and plaintiff submitted a response which the Provost found unconvincing. Plaintiff was then advised that his rank, title and salary would be reduced; additionally, his course assignments were revised so that he no longer taught any research methods, complex analysis or sophisticated film

theory. Plaintiff was also forbidden from participating in any personnel matters or on any personnel committees. In November 1994 The Ithacan, the College's student newspaper, published an article detailing the allegations of plagiarism made against plaintiff; the article did not mention any of the newspaper's sources. Subsequently, similar articles appeared in local newspapers published in Ithaca and Syracuse.

In February 1995 plaintiff and his wife commenced this action for breach of contract, intentional infliction of emotional distress, prima facie tort and loss of consortium against the College, its President, its Provost and "John Doe and Jane Roe", who were identified as "members of the faculty * * * whose true names and identities have not yet been determined". The College answered and then moved for summary judgment seeking dismissal of the complaint. Plaintiffs opposed the College's motion and cross-moved to amend their complaint by substituting the names of Rowley and Zimmerman for "John Doe and Jane Roe". Supreme Court partially granted the College's motion by dismissing the claims against the College for intentional infliction of emotional distress and prima facie tort; however, the court denied its motion with respect to the breach of contract claim. The court also granted plaintiffs' cross motion, thereby adding Rowley and Zimmerman as defendants on the intentional infliction of emotional distress cause of action, and indicating that Rowley and Zimmerman could move for summary judgment after plaintiffs had an opportunity to conduct further discovery. An order was entered from which only the College appeals.

Initially, we note that the principal contention of the College is that Supreme Court erred in not dismissing the intentional infliction of emotional distress cause of action against Rowley and Zimmerman. The College asserts that it is an aggrieved party with respect to the claim against Rowley and Zimmerman, who have not appealed, because it has an obligation, pursuant to its rules and regulations, to indemnify faculty members for defense costs and damages arising out of their "performance of College-related professional responsibilities". The scope of appellate review upon a timely appeal is essentially limited to the provisions of the judgment which actually aggrieve the appellant (*see, Hecht v City of New York*, 60 NY2d 57); moreover, the requirement that an appellant be an aggrieved party is jurisdictional and subject to the Court's threshold review even if the issue has not been raised by the respondent (*see, Leeds v Leeds*, 60 NY2d 641; *Lincoln v Austic*, 60 AD2d 487, *lv denied* 44 NY2d 644; Siegel, NY Prac § 525, at

813 [2d ed]). In order to be aggrieved, one does not necessarily have to be directly and immediately affected by the judgment (*see, Harter v Westcott*, 155 NY 211). Accordingly, because at least part of the allegations against Rowley and Zimmerman relate to activities which arose out of their responsibilities as members of the faculty, we conclude that the College is an aggrieved party within the meaning of CPLR 5511.

Next, we find merit in the College's contention that plaintiffs' claim of intentional infliction of emotional distress against Rowley and Zimmerman should have been dismissed. In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must plead and prove that a defendant "engaged in extreme and outrageous conduct and that such conduct intentionally or recklessly caused severe emotional distress" (*Natoli v City of Kingston*, 195 AD2d 861, 862; *see, Howell v New York Post Co.*, 81 NY2d 115; *Van Swol v Delaware Val. Cent. School Dist.*, 117 AD2d 962, 963). Said conduct must transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community (*see, Kliebert v McKoan*, 228 AD2d 232; *DeFillipo v Xerox Corp.*, 223 AD2d 846, *lv dismissed* 87 NY2d 1056). A plaintiff also bears the burden of establishing that he or she actually suffered severe emotional distress as a result of a defendant's actions (*see, Howell v New York Post Co.*, *supra*, at 116). Here, plaintiffs base their cause of action on the fact that Rowley and Zimmerman reported the alleged plagiarism to their superiors; the remainder of the allegations, however, are aimed at the actions of the superiors. The record supports the College's assertion that Rowley and Zimmerman were ethically obligated to report any and all incidents of academic dishonesty.

Finally, the record does not support plaintiffs' contentions that Rowley and Zimmerman breached confidentiality and failed to prevent the spread of rumors and statements about plaintiff's academic dishonesty. At least one of plaintiff's students and one author discovered the alleged plagiarism independently of Rowley and Zimmerman; additionally, Rowley and Zimmerman initially became aware of the apparent plagiarism in early 1992 while the first newspaper article was not published until November 1994, more than two years later. It is also significant that plaintiff's demotion became public knowledge as early as July 1994. Moreover, plaintiffs failed to introduce any proof, besides their bald assertions, of emotional distress; notably, plaintiff admits that he has not received any treatment for his alleged distress. In our view, the complaint fails to sufficiently set forth facts necessary to support a cause

of action based upon the intentional infliction of emotional distress against Rowley and Zimmerman; accordingly, that claim should be dismissed.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Ithaca College, by reversing so much thereof as denied said defendant's motion for summary judgment dismissing the cause of action for intentional infliction of emotional distress as to defendants William Rowley and Patricia Zimmerman; motion granted to that extent and said claim dismissed; and, as so modified, affirmed. [See, 167 Misc 2d 458.]