■ PETER KLINGE et al., Appellant-Respondents, v ITHACA COLLEGE, Respondent, and WILLIAM ROWLEY et al., Appellants. [663 NYS2d 735] —Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 1, 1996 in Tompkins County, which, *inter alia*, granted a cross motion by defendant Ithaca College for summary judgment dismissing the first and second causes of action of the complaint.

This action arises out of allegations of plagiarism leveled against plaintiff Peter Klinge (hereinafter plaintiff) by several faculty members of defendant Ithaca College (hereinafter the College) regarding his book Evolution of Film Styles, published

in 1983. The sequence of events leading up to allegations and the commencement of this action are set forth in this Court's recent decision (235 AD2d 724). While that appeal was pending, the College offered plaintiff a reduction in rank and pay on the condition that plaintiff and his wife discontinue all their claims. Plaintiff and his wife counteroffered and requested, *inter alia*, that plaintiff's salary be restored to its previous level and indicated that if their offer was rejected, they would seek legal intervention from Supreme Court and would file a grievance with the College's faculty grievance committee (hereinafter the committee). Thereafter, plaintiff filed a grievance dated November 20, 1995. Several weeks later the President of the College reinstated plaintiff to a full professorship and concomitantly notified him that he would be terminated on December 31, 1995. The College also paid plaintiff backpay.

In early 1996, while the grievance was pending before the committee, plaintiff and his wife filed a second amended complaint wherein they asserted that the College breached plaintiff's employment contract and also named as defendants William Rowley and Patricia Zimmerman, who were members of the faculty. In July 1996, the committee denied plaintiff's grievance and informed plaintiff of his option, pursuant to the handbook, to seek a Presidential review of the grievance. Upon subsequent review, the President accepted the recommendation of the committee and dismissed the grievance. Significantly, plaintiff and his wife failed to commence a CPLR article 78 proceeding to review the President's determination; however, they did move for a protective order in the pending breach of contract action seeking to limit the extent to which the College could question plaintiff about the plagiarism allegations. The College opposed this motion and cross-moved for summary judgment; Supreme Court granted the College's cross motion, dismissed both breach of contract causes of action and denied plaintiffs' motion. In its decision Supreme Court stated that plaintiffs could bring a CPLR article 78 proceeding to challenge the validity of the grievance decision. Plaintiff and his wife appeal.*

We affirm. It is undisputed that plaintiff and the College had an express contract which guaranteed plaintiff employment for one year; the College concedes that plaintiff had an express

---

* Supreme Court also denied a motion by Rowley and Zimmerman to dismiss the intentional infliction of emotional distress causes of action against them. Although they have appealed that decision, neither have filed briefs. Notably, their appeals are academic in light of this Court's decision which dismissed said causes of action against them (235 AD2d 724, 727-728, *supra*).

contract outside of the handbook and that the handbook procedures governed his termination. The handbook procedures stated that when the College administration determined that a tenured professor, such as plaintiff, had engaged in nonfeasance, misfeasance or malfeasance, a letter of warning could be issued. Following the warning letter and an investigation into the charges, the faculty member could be terminated. However, in certain cases involving a flagrant and egregious abuse of position by the professor, immediate dismissal without a prior letter of warning was an authorized course of action.

While courts in this State have generally declined to involve themselves in the employer-employee relationship, they have taken a more active role in cases involving colleges and universities in order to protect academic freedom. In these so-called "university" cases, CPLR article 78 proceedings are the appropriate vehicle because they ensure that the over-all integrity of the educational institution is maintained and, therefore, protect more than just the individual's right to employment (*see, Matter of Gray v Canisius Coll.*, 76 AD2d 30). The amount of intervention, however, is limited in scope and courts are essentially restricted because of the recognition of the special skills and sensitivities required in managing an academic institution. Judicial scrutiny, while greater than that provided in cases involving at-will employment, is limited to determining " 'whether the institution has acted in good faith or [whether] its action was arbitrary or irrational' " (*id.*, at 34, quoting *Tedeschi v Wagner Coll.*, 49 NY2d 652, 658; *see, Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 412).

Plaintiff, by accepting the employment contract, agreed that he could be terminated with essentially no prior notice if he was found to have engaged in a flagrant and egregious abuse of position. In exchange for this, plaintiff obtained the right to have a neutral committee review his termination. Where a plaintiff is unable to establish clear contractual rights not to be terminated, as herein (*see, Romer v Board of Trustees*, 842 F Supp 703, 708), "the courts have a rather restricted role to play in reviewing the judgments of educational institutions, [therefore], the host of internal administrative and academic determinations which he challenges are redressable, if at all, in an article 78 proceeding, not a plenary action" (*Gertler v Goodgold*, 107 AD2d 481, 487, *affd* 66 NY2d 946). Our review of the record supports the conclusion that the College followed the procedures provided in the handbook and, therefore, if plaintiff was dissatisfied with the results of the procedure his sole remedy was to commence a CPLR article 78 proceeding.

Based on the foregoing, Supreme Court properly dismissed the amended complaint.

Crew III, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.