■ LAUREN COHN-FRANKEL et al., Respondents, v UNITED SYNAGOGUE OF CONSERVATIVE JUDAISM et al., Appellants. [667 NYS2d 360] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 29, 1997, which denied defendant's motion to dismiss plaintiff's third cause of action seeking damages for the intentional infliction of emotional distress on the ground that it fails to state a cause of action, unanimously reversed, on the law, without costs, the motion granted, and the third cause of action dismissed.

In late June 1993, plaintiff Lauren Cohn-Frankel, then 15 years old, joined a 6-week, cross-country summer tour conducted by the United Synagogue Youth, an affiliate of defendant United Synagogue of Conservative Judaism. While on the tour, she communicated her belief in Jesus Christ and in fundamentalist Christian principles to other children and to tour counselors. The purpose of the tour, as reflected by the program manual, was to provide Jewish teenagers with a religious experience involving the observance and discussion of Jewish ritual. When her views became known, Ms. Cohn-Frankel was expelled from the tour group on the 11th day, as a result of which she "felt humiliated, embarrassed, angry and distressed", according to her affirmation.

The tort of intentional infliction of emotional distress consists of four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121). " 'Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d; Freihofer v Hearst Corp.*, 65 NY2d 135, 143). Courts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a "deliberate and malicious campaign of harassment or intimidation" (*Nader v General Motors Corp.*, 25 NY2d 560, 569; *Owen v Leventritt*, 174 AD2d 471, *lv denied* 79 NY2d 751).

Under the circumstances of this case, involving a tour group consisting of impressionable teenagers, this Court cannot find any egregious or outrageous conduct on the part of defendants. The tour program manual specifically makes note that the way the participants speak reflects their pride and self-respect as a part of the Jewish people and emphasizes that participants are to be aware of the image they project to others, both within the group and outside of it.

Defendant's act of expelling Ms. Cohn-Frankel from the tour group and the circumstances attendant thereto do not constitute intentional, deliberate and outrageous conduct so as to satisfy the " 'extreme and outrageous conduct' " element of the cause of action (*Howell v New York Post Co.*, supra, at 121; *see also, Vasarhelyi v New School for Social Research*, 230 AD2d 658; *Elson v Consolidated Edison Co.*, 226 AD2d 288). Therefore, plaintiff's third cause of action must be dismissed. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.