■ In the Matter of FRANCIS E. DALMOLEN, Appellant, v ELMIRA COLLEGE et al., Respondents. [720 NYS2d 573] —Spain, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered November 8, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Thomas K. Meier upholding a letter of reprimand issued to petitioner.

Petitioner, a tenured professor at respondent Elmira College, commenced this CPLR article 78 proceeding challenging a July 17, 1998 determination of the College's President, respondent Thomas K. Meier, adhering to his prior determination to issue petitioner a conditional letter of reprimand dated September 1, 1993 for continued neglect of academic duties and professional incompetence. The President's 1998 determination rejected the findings and recommendation of the College's Faculty Grievance Committee which had conducted hearings between 1996 and 1998—on petitioner's appeal from the 1993 letter of reprimand—and concluded that, *inter alia*, the letter should be rescinded. Petitioner contends in the instant proceeding that the President's 1998 determination was arbitrary and capricious, a violation of the College's 1990 Faculty Handbook, and contrary to the prior decision of Supreme Court (Ellison, J.), affirmed by this Court (215 AD2d 985), dismissing petitioner's first article 78 proceeding due to her failure to exhaust administrative remedies. We disagree, for essentially the reasons expressed by Supreme Court in dismissing the instant proceeding and, thus, we affirm.

As background, in July 1993, the Dean of Faculty notified petitioner in writing that he was recommending to the President that she be dismissed from the faculty for specified instances of professional incompetence and continued neglect of academic duties despite warnings. The Dean forwarded the recommendation to the President, attaching the documentation upon which it was based. Despite the President's repeated written requests that petitioner respond to the recommendation in writing or otherwise and submit materials for his consideration, petitioner and her attorney refused to substantively respond to the charges in any manner or to offer any materials, information or evidence to refute them or explain her position on them. Instead, petitioner chose to exclusively challenge the procedures employed by the College, contending that pursuant to the 1978-1979 Faculty Handbook—which she argued was controlling—she was entitled to a formal hearing in front of the Grievance Committee *before* the President made a determination on the Dean's dismissal recommendation, and that the procedures in the current 1990 Handbook for dismissal of tenured faculty were invalid and inapplicable. Under the 1990 Handbook, a hearing in front of the Grievance Committee is only available as an appeal *after* the President renders a disciplinary determination.

The President concluded that the 1990 Handbook governed and that a hearing was not required prior to issuing a decision on the Dean's recommendation. In the September 1, 1993 letter of reprimand, the President concluded that the Dean's dismissal recommendation was justified and in accordance with the 1990 Handbook but deemed it appropriate to issue a letter of reprimand instead. The letter of reprimand required petitioner to meet certain delineated expectations or requirements pertaining to her teaching duties and faculty responsibilities, and indicated that her documented failure to meet any of the expectations would cause him to consider her for dismissal.

After requesting a hearing from the Grievance Committee alleging that the dismissal procedures contained in the 1978-1979 Handbook had not been followed, petitioner commenced the prior CPLR article 78 proceeding challenging the letter of reprimand as arbitrary and capricious and violative of the College's internal rules. In a May 1994 decision, Supreme Court (Ellison, J.), dismissed the first petition based upon petitioner's failure to exhaust administrative remedies available under section 2.7.9 and Appendix I of the 1990 Handbook, namely, a postdetermination appeal hearing in front of the Grievance

Committee. Specifically, the court determined that the procedural rules contained in the 1990 Handbook regarding dismissal of tenured faculty were valid and controlling in this matter and "provide for a hearing before a Grievance Committee *as an appeal process*" (emphasis supplied) and do not provide for a hearing as petitioner requested prior to action being taken by the President, as the previous Faculty Handbooks had allowed. The court also concluded that, to that point, respondents had complied with the 1990 Handbook dismissal procedures and afforded petitioner minimal due process. This Court affirmed upon the opinion of Supreme Court (215 AD2d 985, *supra*).

Petitioner thereafter renewed her request for a hearing and the Grievance Committee commenced a hearing in March 1996, which was concluded in March 1998. Notably, the scope of the appeal hearing greatly expanded over that two-year period and eventually entailed the consideration of issues and the acceptance of extensive testimony and evidence which was never raised or presented to the President prior to his issuance of the September 1, 1993 letter of reprimand and, in some instances, evidence not even in existence at that time. Ultimately, in June 1998 the Grievance Committee issued a lengthy written recommendation concluding that petitioner had not received the required warnings of dismissal prior to the Dean's dismissal recommendation; that petitioner was entitled to a formal hearing before the College could impose what it characterized as "severe sanctions" and "additional conditions of employment" in the letter of reprimand; and that the conditions or expectations placed on petitioner in the letter of reprimand were inappropriate. The Grievance Committee recommended, *inter alia*, that the letter of reprimand be invalidated and removed from her file.

Pursuant to the 1990 Handbook, the President reviewed the Grievance Committee's recommendation and, by decision dated July 17, 1998, declined to adopt its essential findings and conclusions. The President adhered to his earlier determination to issue the letter of reprimand with conditions which he concluded had been fairly based upon the information presented to him at the time, which did not include any response or evidence from petitioner.

Petitioner then commenced the instant CPLR article 78 proceeding alleging that the President's refusal to adopt the Grievance Committee's recommendation was arbitrary and capricious, and that the conditions contained in the letter of

reprimand constituted excessive punishment.* Supreme Court (Castellino, J.), dismissed the petition concluding that the President had "clear and compelling reasons" to reject the Grievance Committee's recommendation, as required by the 1990 Handbook for the President to act against the Grievance Committee's recommendations. The court concluded, *inter alia*, that the President's 1998 determination did not violate any provision of the 1990 Handbook and was not arbitrary or capricious. On petitioner's appeal, we affirm.

As a general rule, judicial review of the disciplinary decisions of private colleges or universities with regard to tenured faculty members is limited to determining whether the institution failed to comply with its own hearing and internal review procedures and whether the decision was made arbitrarily, capriciously or in bad faith (*see, Tedeschi v Wagner Coll.*, 49 NY2d 652, 658; *Klinge v Ithaca Coll.*, 244 AD2d 611, 613; *Matter of Leibowitz v State Univ. of N. Y.*, 85 AD2d 293, 295; *Matter of Gray v Canisius Coll.*, 76 AD2d 30, 33-34). A court may not substitute its judgment for the judgment and discretion properly exercised by college administrators (*see, Matter of Bennett v Wells Coll.*, 219 AD2d 352, 356; *Matter of Gray v Canisius Coll., supra*, at 36).

As an initial matter, several of the key issues considered by the Grievance Committee and raised by petitioner in this proceeding are foreclosed by Justice Ellison's decision in the first proceeding, affirmed on appeal, which represents the law of the case in all subsequent review of this disciplinary determination (*see, People v Evans*, 94 NY2d 499, 502; *Martin v City of Cohoes*, 37 NY2d 162, 165; *see also*, Siegel, NY Prac § 448, at 723 [3d ed]). Thus, the law of the case is that the 1990 Handbook governs petitioner's claims, and that the Dean in recommending dismissal and the President in issuing the 1993 letter of reprimand complied with the procedures contained therein (namely, section 2.7.5) by affording petitioner the requisite notice and opportunity to be heard before discipline was imposed in 1993. Accordingly, further judicial consideration of respondents' procedural compliance to that point is precluded.

Also, this Court affirmed Justice Ellison's express interpretation that the 1990 Handbook—specifically section 2.7.9 and Appendix I—"provide[s] for a hearing before a Grievance Committee *as an appeal process*" (emphasis supplied). As such, we discern no abuse of discretion or arbitrary and capricious qual-

---

* The parties waived the appeal to the Board of Trustees provided for in Appendix I of the 1990 Handbook.

ity to the President's 1998 determination not to consider or rely on evidence or issues which petitioner (or the Grievance Committee) raised for the first time on appeal to the Grievance Committee which were not presented to the President in any form at the time of his 1993 determination. That is, petitioner, having refused the President's repeated requests in 1993 to refute or substantively respond to the charges prior to the President's initial determination to issue the letter of reprimand despite having had an opportunity to do so, was not entitled to raise entirely new issues and introduce evidence for the first time *on appeal* from that determination. While the appeal hearing process outlined in the 1990 Handbook confers on the Grievance Committee "appropriate powers of investigation and access to witnesses and documents as necessary" and permits it to "admit any evidence which [has] probative value in determining the issues involved," nothing in the 1990 Handbook permits the grievant or the Grievance Committee to subvert the essential appellate nature of the hearing. Further, petitioner's lengthy contentions to the contrary notwithstanding, the President's statement in his July 1998 determination that "there was no need to hold a hearing to determine if [petitioner] was appropriately dismissed" clearly referred only to the absence of a requirement for a hearing prior to his *initial* 1993 determination; it was not a reference to the need for a *postdetermination* appeal hearing provided by the 1990 Handbook and did not constitute subversion of Justice Ellison's decision.

Turning to the President's determination to disregard the Grievance Committee's findings and recommendations and adhere to his prior determination to issue a conditional letter of reprimand, we find that it neither violated the provisions of the 1990 Handbook nor represented arbitrary or capricious administrative/institutional action, and that it was made in good faith (*see, Tedeschi v Wagner Coll.*, 49 NY2d 652, 658, *supra*; *Matter of Leibowitz v State Univ. of N. Y.*, 85 AD2d 293, 295, *supra*; *Matter of Gray v Canisius Coll.*, 76 AD2d 30, 33-34, *supra*). Notably, the 1990 Handbook placed upon petitioner the burden of proving that the letter of reprimand violated the College's internal rules or infringed upon her rights as a tenured faculty member or otherwise (Appendix I, No. 6), and the President was authorized to act against the Grievance Committee's recommendations so long as "clear and compelling reasons" were stated for doing so (Appendix I, No. 13).

A review of the President's final determination reveals that it was based upon the exercise of honest discretion after a full

review of the relevant, operative facts and was not arbitrarily rendered (*see, Matter of Galiani v Hofstra Univ.*, 118 AD2d 572). Petitioner failed to demonstrate that either the issuance of the letter with the conditions or the procedures employed transgressed the College's rules or the President's authority. We concur in Supreme Court's assessment that the President's final determination sufficiently set forth compelling reasons supported by the record for rejecting the Grievance Committee's recommendations and perceive no basis for further judicial intervention with respect to the proper exercise of administrative discretion by the President (*see, Matter of Leibowitz v State Univ. of N. Y.*, supra; *Matter of Gray v Canisius Coll.*, supra).

Finally, we find no merit in petitioner's claim that the conditions contained in the letter of reprimand constituted excessive punishment which are shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 234). The conditions relate to petitioner's teaching duties and responsibilities as a faculty member, and require petitioner to, *inter alia*, make her best effort to teach effectively, maintain minimum office hours, attend meetings of the Education Department and its core faculty to which she is invited, and to participate collegially in discussions, communicate in person or by telephone with department colleagues rather than in writing, avoid raising concerns or objections to departmental matters unless she first raises them at departmental meetings, and follow the procedures and policies developed by the Education Department. We agree with Supreme Court's conclusion that these requirements do not substantially differ, although they differ somewhat, from the duties and responsibilities placed on the College faculty as set forth in the 1990 Handbook. We find that, to the extent the letter of reprimand placed expectations on petitioner in addition to, or at variance with, those placed on the other faculty, they were fairly and rationally related to petitioner's persistent problems for which the letter of reprimand was issued.

The lesser sanction imposed of a letter of reprimand equitably took into consideration petitioner's lengthy employment with the College as well as the type and degree of her shortcomings as a tenured faculty member, and was not so disproportionate to the failures and incompetence determined to have existed so as to constitute excessive punishment (*see, Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 284; *Matter of Pell v Board of Educ.*, supra, at 234-235). Further, contrary to petitioner's claims, Supreme Court correctly concluded that the

letter of reprimand did not impair (and could not have impaired) petitioner's right to obtain compliance with the dismissal and grievance procedures outlined in the controlling Faculty Handbook should it be alleged that she violated the expectations contained in the letter of reprimand. 

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.