SUMMARY ORDER
Appellant Elizabeth Margrabe (“Ms. Margrabe”) seeks review of an Opinion and Order of the District Court, granting Appellees’ Fed.R.Civ.P. 12(b)(6) motion to dismiss. We assume the parties’ familiarity with the facts, procedural context, and specification of appellate issues.
This Court reviews de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002); see also Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
Appellant first argues that the District Court erred in dismissing her breach of fiduciary duty claim. The District Court ruled that Appellees did not breach *549 their fiduciary duty to Ms. Margrabe because they did not disclose a client confidence or secret. We agree with the lower court that Ms. Margrabe’s breach of fiduciary duty claim ought to be dismissed, but we affirm the dismissal on alternate grounds. See Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir.1999) (“[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied.”) (internal quotation marks omitted).
Assuming arguendo that Appellees breached a disciplinary rule by disclosing Ms. Margrabe’s letter, New York courts have held that an attorney’s breach of a disciplinary rule does not per se give rise to a cause of action for breach of fiduciary duty. See, e.g., Schwartz v. Olshan Grundman Frome & Rosenzweig, 302 A.D.2d 193, 753 N.Y.S.2d 482, 487 (N.Y.App.Div.2003). In order to sustain a claim of breach of fiduciary duty under New York law, Appellant must prove “the existence of a fiduciary relationship, misconduct by the [Appellees], and damages directly caused by the [Appellees’] misconduct.” Berman v. Sugo LLC, 580 F.Supp.2d 191, 204 (S.D.N.Y.2008) (citing Kurtzman v. Bergstol, 40 A.D.3d 588, 835 N.Y.S.2d 644, 646 (N.Y.App.Div.2007)). In the instant case, Appellant has not adequately alleged damages that were directly caused by the Appellees’ alleged misconduct. As damages, Ms. Margrabe seeks $361,964.71 in legal fees and other expenses associated with defending herself against the defamation suit. However, Ms. Margrabe did not incur these fees as a result of Appellants’ alleged breach of fiduciary duty, to wit, the improper disclosure of ehent secrets or confidences. Rather, Ms. Margrabe would have incurred these fees regardless of whether Appellees had attached her discharge letter to their complaint. Thus, Appellees’ disclosure of the discharge letter in connection with the defamation suit is not relevant to the calculation of damages. Accordingly, Appellant cannot make out a prima facie case of breach of fiduciary duty and her claim must be dismissed.
Appellant next argues that the District Court erred in dismissing her prima facie tort claim. We affirm the District Court, however, because Appellant did not allege that the only motivation for the act was “disinterested malevolence.” To prevail on a prima facie tort claim, a plaintiff must plead that the only motivation for the act was “disinterested malevolence.” It is well established that a plaintiff cannot recover unless a defendant’s conduct was not only harmful, but done with the sole intent to harm. Twin Labs., Inc. v. Weider Health & Fitness, 900 F.2d 566, 571 (2d Cir.1990) (citing Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459, 467 (1983)). “We have held that motives other than disinterested malevolence, ‘such as profit, self-interest, or business advantage’ will defeat a prima facie tort claim.” Id. (quoting Marcella v. ARP Films, Inc., 778 F.2d 112, 119 (2d Cir.1985)).
In the instant case, Appellant pleaded that Appellees initiated the defamation action in order to coerce her into abandoning her claim to the disputed fees. This admission defeats her prima facie tort claim because, assuming the truth of Appellant’s allegations as we must when reviewing a motion to dismiss, it is clear that Appellees had a monetary interest in initiating the defamation action. Thus, Appellees were not motivated solely by “disinterested malevolence” and, accordingly, Ms. Mar-grabe’s prima facie tort claim must be dismissed.
Finally, Ms. Margrabe argues that the District Court erred in dismissing her *550 intentional infliction of emotional distress (“IIED”) claim. Under New York law, IIED requires pleading the following four elements: (1) extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society; (2) intent to cause or disregard of a substantial probability of causing severe emotional distress; “(3) a causal connection between the conduct and the injury; and (4) severe emotional distress.” Conboy v. AT & T Corp., 241 F.3d 242, 258 (2d Cir.2001); Howell v. New York Post Co., 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993). The conduct at issue “must transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.” Klinge v. Ithaca Coll., 235 A.D.2d 724, 652 N.Y.S.2d 377, 379-80 (N.Y.App.Div.1997). The conduct alleged “must consist of more than mere insults, indignities and annoyances.” Leibowitz v. Bank Leumi Trust Co. of New York, 152 A.D.2d 169, 548 N.Y.S.2d 513, 521 (N.Y.App.Div.1989). Moreover, “[cjourts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a deliberate and malicious campaign of harassment or intimidation.” Cohn-Frankel v. United Synagogue of Conservative Judaism, 246 A.D.2d 332, 667 N.Y.S.2d 360, 362 (N.Y.App.Div.1998). Finally, a court may decide whether alleged conduct is sufficiently outrageous as a matter of law. Koulkina v. City of New York, 559 F.Supp.2d 300, 324 (S.D.N.Y.2008) (citing Howell, 596 N.Y.S.2d 350, 612 N.E.2d at 702).
This Court agrees with the District Court that, as a matter of law, Appellant’s complaint does not and cannot allege that Appellees’ filing of the defamation suit was so outrageous as to be utterly intolerable in a civilized society. The “mere commencement of a civil action, even if alleged to be for the purposes of harassment or intimidation, is insufficient to support a claim of IIED.” O’Bradovich v. Village of Tuckahoe, 325 F.Supp.2d 413, 435 (S.D.N.Y.2004) (citation omitted). The New York Court of Appeals has held similarly. See Fischer v. Maloney, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215, 1217 (1978) (deliberate commencement of a civil action for defamation to malign, harass, intimidate and inflict mental and emotional distress does not give rise to an IIED claim). Accordingly, the District Court did not err in dismissing Appellant’s IIED claim.
For the foregoing reasons, the order of the District Court is AFFIRMED.