**Lek v LeK**

2024 NY Slip Op 31550(U)

May 1, 2024

Supreme Court, New York County

Docket Number: Index No. 153075/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. DAKOTA D. RAMSEUR</u> | **PART**    **34M** |
| *Justice* | |

-------------------------------------------------------------------------X

SAMUEL LEK,

                     Plaintiff,

          - v -

OLESYA ALEKSANDROVNA LEK,

                  Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>153075/2023</u> |
| **MOTION DATE** | <u>12/05/2023</u> |
| **MOTION SEQ. NO.** | <u>003</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19

were read on this motion to/for            <u>DISMISSAL</u>.

In his complaint, *pro se* plaintiff Samuel Lek asserts causes of action for larceny, conversion, and infliction of emotional distress against defendant Olesya Lek. He alleges that he put his personal property into two London storage units under the impression that they were owned jointly by Charles Lex and his ex-wife Olesya Lex, but which now only Olesya has sole custody and access. He alleges that Olesya possess the items now after having directed the locks on the storage units changed and denying him access to said units. (*See* NYSCEF doc. no. 1 at ¶5, 11, and 12.) In this Motion Sequence 001, *pro se* defendant moves to dismiss based upon (1) improper service in violation of CPLR 308, (2) lack of standing, (3) the statute of limitations, (4) failure to state a cause of action, and (5) the statute of frauds.[1] Plaintiff opposes the motion on each ground. For the following reasons, plaintiff's motion to dismiss is granted in part.

*Improper Service*

Plaintiff's affidavit of service is *prima facie* evidence of proper service pursuant to CPLR 308 (2). (*See Wells Fargo Bank, N.A. v Njoku*, 148 AD3d 438, 439 [1st Dept 2017].) The process server testified that on April 10, 2023, he left the summons and complaint at defendant's apartment at 404 East 76th Street with a John Doe, who, though he refused to give his name, "indicated they were the co-resident. The individual accepted service with direct delivery." (NYSCEF doc. no. 17, <u>affidavit of service</u>.) The affidavit further describes sending a copy of the summons and verified complaint in an envelope bearing the legend "personal and confidential." (*Id*.) Defendant does not dispute that she received service; instead, she alleges—in her unsworn memorandum of law—that the "process server merely left unsealed documents with the

---

[1] The preliminary statement in defendant's memorandum of law cites other grounds for dismissal including under the doctrines of mootness, collateral estoppel, and unclean hands. In addition, she cites the "unauthorized use of protected documents" as a grounds for dismissal. However, defendant does not advance any substance arguments on these grounds, and, therefore, the Court considers these grounds waived.

**153075/2023   LEK, SAMUEL vs. LEK, OLESYA ALEKSANDROVNA**        **Page 1 of 4**
**Motion No. 003**

1 of 4

doorman." [2] Since only a sworn, non-nonconclusory denial of service is sufficient to rebut plaintiff's prima facie showing of proper service (*see NYCTL 1998-1 Trust v Rabinowitz*, 7 AD3d 459, 459 [1st Dept 2004]), defendant is not entitled to dismissal on this ground.

*Lack of Standing, and Statute of Frauds*

Defendant challenges whether plaintiff has pled an injury in fact attributable to defendant's actions such that he has demonstrated standing to bring this action. She argues that plaintiff alleges damages resulting from a breach of contract yet he has not provided any evidence or documentation of said valid and enforceable contract. (NYSCEF doc. no. 9 at 10-11.) The problem is that plaintiff's complaint contains no such cause of action for breach of contract—only those for larceny, conversion, and infliction of emotional distress. (NYSCEF doc. no. 1, underline complaint.) As to these causes of action, in alleging that defendant retains possession of his property, plaintiff has clearly alleged an injury in fact that is traceable to defendant's conduct. The fact that plaintiff does not base any of his causes of action around a contract, let alone a oral contract, also precludes applicability of the Statute of Frauds under New York General Obligations Law § 5-701. Accordingly, her motion to dismiss on these grounds is denied.

*Statute of Limitations*

Defendant contends that the statute of limitations period for larceny and conversion (three-years—*see* CPLR § 214) and intentional infliction of emotional distress (one-year—*see Winslow v New York-Presbyt./Weill-Cornell Med. Ctr.*, 203 AD3d 533, 534 [1st Dept 2022]) have all expired. A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on grounds that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time to sue has expired. (*Listwon v 500 Metro. Owner, LLC*, 188 AD3d 1028, 1029 [2d Dept 2020].) With respect to the larceny and conversion causes of action, defendant has failed to demonstrate, prima facie, that the limitation period has expired. Since plaintiff commenced this action on April 4, 2023, defendant would have to establish that these causes accrued before that date in 2020. Yet, in relevant part, plaintiff's complaint alleges that, "sometime later year," i.e., sometime after March 2020, he returned to the storage units to find that defendant had specifically instructed the operators of the storage unit to deny him access and that defendant had changed the locks. (NYSCEF doc. no. 1 at ¶ 11.) The complaint is no more specific than this about when the alleged larceny and conversion took place. Since (1) defendant bears the burden of demonstrating when the applicable statute of limitations began to accrue and expire and (2) her memorandum of law does not allege, let alone demonstrate, that the accrual date was before April 4, 2020, she has not met her burden.[3] Because the Court dismisses

---

[2] Defendant's memorandum of law refers to her own affidavit but she did not execute one in support of her motion.
[3] Plaintiff argues that the continuing wrong doctrine saves these causes of action even if plaintiff demonstrated that the event(s) constituting the wrong took place before April 4, 2020. The Court is not persuaded. The continuing wrong doctrine "may be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct. The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs." (*Henry v Bank of Am.*, 147 AD3d 599, 601 [1st Dept 2017].) Plaintiff's position—that "although Defendant first refused to return Plaintiff's property in July of 2021, she continues to do so. Thus, every day, that Defendant holds on to Plaintiff's property, her wrongful act continues"—is exactly the type of wrong the doctrine does not cover. As the Court explained, the doctrine is inapplicable where there is one tortious act complained of

**153075/2023   LEK, SAMUEL vs. LEK, OLESYA ALEKSANDROVNA**
**Motion No.  003**

**Page 2 of 4**

plaintiff's infliction of emotional distress on other grounds, it need not discuss it as it relates to the statute of limitations.

*Failure to State a Cause of Action*

On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015].) Nonetheless, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss.' (*See Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014].) A court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, its only function is to determine whether, from facts alleged and inferences drawn therefrom, plaintiff has stated the elements of a cognizable cause of action. (*JF Capital Advisors*, 25 NY3d at 764; *Skill Games, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003].)

Defendant's motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is granted as to plaintiff's larceny claim and his infliction of emotional distress claim. In paragraph 35 of his complaint, plaintiff cites New York State Penal Code §155.05's definition of the crime of larceny and, in paragraph 36, he alleges that defendant's conduct meets each element to be charged with said crime. Plaintiff has not demonstrated that larceny is an independent civil cause of action. Moreover, the essence of the crime of larceny, which §155.05 defines as the wrongful taking, obtaining, or withholding of another's property, is the same as the civil cause of action for conversion, which occurs when "someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Family Health Mgt., LLC v Rohan Devs., LLC,* 207 AD3d 136, 138-139 [1st Dept 2022]). As such, plaintiff's larceny claim, even if recognizes as a cognizable claim, is no doubt duplicative of his claim for conversion.

To properly plead an intentional infliction of emotional distress, plaintiff must allege (1) extreme and outrageous conduct, (2) an intent to cause, or disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and injury, and (4) severe emotional distress. (*Chanko v American Broadcasting Cos. Inc.*, 27 NY3d 46, 56 [2016]; *Cohn-Frankel v United Synagogue of Conservative Judaism*, 246 AD2d 332, 332 [1st Dept 1998]) In *Chanko*, the Court of Appeals described the level of conduct necessary to satisfy the outrageousness element as one that is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (*Id.*, citing *Howell v New York Post Co.*, 81 NY2d 115, 121 [1993] [explaining the "price of flexibility in redressing utterly reprehensible behavior" is that the "requirements of the [tort] are rigorous and difficult to satisfy."].) The defendant's alleged conduct simply does not rise to this level of conduct: plaintiff merely alleges that (1) in failing to return certain ski equipment belonging to him, defendant deprived him of using said equipment, (2) she has failed to appear at several scheduled walk-throughs of a London apartment that he rents from his son

---

since the cause of action accrues in those cases at the time that the wrongful act first injured plaintiff and it does not change as a result of continuing consequential damages. (*Id.*)

**153075/2023   LEK, SAMUEL vs. LEK, OLESYA ALEKSANDROVNA**
**Motion No.  003**

**Page 3 of 4**

3 of 4

and her, which has caused him "considerable inconvenience," and (3) she willfully defied a Court order providing access to the two storage units. (NYSCEF doc. no. 1 at ¶ 42-47.) To the extent plaintiff's claim is for negligent infliction of emotional distress (which, unlike intentional-infliction claims, does not require extreme and outrageous conduct), plaintiff has not alleged that defendant breached a duty of care owed to him that directly resulted in emotional harm to him. (*See Brown v New York Design Ctr., Inc.*, 215 AD3d 1, 9 [1st Dept 2023].) As such, this cause of action is dismissed.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the branch of defendant Olesya Lek's motion to dismiss pursuant to CPLR 3211 (a)(7) is granted as to plaintiff Samuel Lek's causes of action for larceny and infliction of emotional distress but otherwise denied; and it is further

ORDERED that the branch of defendant's motion to dismiss plaintiff's remaining cause of action for conversion pursuant to CPLR 3211 (a) (1), (a) (5), and (a) (8) is denied; and it is further

ORDERED that the parties appear at 60 Centre Street, Courtroom 341 on May 7, 2024, at 9:30 a.m. for a preliminary conference with the Court; and it is further

ORDERED that plaintiff shall serve a copy of this order, along with notice of entry, within twenty (20) days of entry.

This constitutes the Decision and Order of the Court.

20240501171136DRAMSEUR9DAC5B0014B744F9B125B7D3BB63CE32

| 5/1/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **DAKOTA D. RAMSEUR, J.S.C.** | | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | ☐ | GRANTED | ☐ DENIED | ☒ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**153075/2023   LEK, SAMUEL vs. LEK, OLESYA ALEKSANDROVNA**
**Motion No.  003**

Page 4 of 4

4 of 4