■ FRANK ZABAVA et al., Appellants, v 178 EAST 78, INC., Respondent. [622 NYS2d 42] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about January 11, 1994, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly determined that the workers' compensation benefits were plaintiff's exclusive remedy. Initially, it is noted that the IAS Court overlooked the fact that the Workers' Compensation Board's determination that defendant was plaintiff's employer at the time of the accident is final and binding (Santiago v Dedvukaj, 167 AD2d 529). Thus, having accepted workers' compensation benefits from defendant, plaintiff is precluded from maintaining an action on the grounds that he was actually employed by another entity, 177 East 77th St., Inc. (77 Inc.) (supra).

The Board's determination aside, plaintiff's action against defendant is still barred. For one thing, plaintiff has not controverted defendant's contention that plaintiff was em-

ployed by defendant as well as by 77 Inc. "as evidenced by his own testimony": Plaintiff acknowledged that he had been the superintendent for both buildings for many years; at the time of the accident, plaintiff was checking the drains on the roof of the building owned by defendant, a task he performed on a regular basis.

Even if we assume, *arguendo,* that plaintiff's sole "general employer" was 77 Inc., then plaintiff acted as a "special employee" of defendant at the time of the accident because, as the IAS Court noted, he "was engaged in his duties as superintendent for the 78th St. building * * * under the control and direction of * * * the principal of [defendant]" *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 558). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.