■ JOHN V. KLIEBERT, Appellant, v JOEL "JJ." McKOAN et al., Respondents. [643 NYS2d 114]

Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference, nevertheless, allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration (Mark Hampton, Inc. v Bergreen, 173 AD2d 220, lv denied 80 NY2d 788). Applying the foregoing, we find that the IAS Court properly dismissed, pursuant to CPLR 3211 (a) (1) and (7), the causes of action of the amended complaint seeking to recover monetary damages for malicious prosecution inasmuch as plaintiff failed to prove that the underlying criminal action, wherein the People's misdemeanor complaint was dismissed solely because of the District Attorney's failure to plead sufficient facts to support a menacing charge, was terminated in the plaintiff's favor on the merits, a necessary element of a malicious prosecution claim (see, MacFawn v Kresler, 88 NY2d 859; Ward v Silverberg, 85 NY2d 993). The malicious prosecution causes of action were also properly dismissed since the reasonableness of, and therefore probable cause for, defendants' decision to report plaintiff's conduct to the District Attorney was amply supported by documentary evidence from plaintiff's criminal case, including plaintiff's admissions with respect to his alleged threatening statements and behavior, the discovery of weapons in one of the plaintiff's homes, and court orders directing plaintiff to undergo psychiatric treatment and to stay away

from Kidder Peabody employees (*see, Colon v City of New York*, 60 NY2d 78, 82).

The IAS Court also properly dismissed the causes of action of the amended complaint seeking monetary damages for intentional infliction of emotional distress, since plaintiff failed to allege conduct so outrageous in character, and so extreme in degree, by defendants, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122).

The IAS Court appropriately exercised its discretion in denying the cross motion by plaintiff for leave to serve a proposed second amended complaint because the proposed amendments failed to cure the substantive defects of the amended complaint (*Monaco v New York Univ. Med. Ctr.*, 213 AD2d 167, 169, *lv dismissed and denied* 86 NY2d 882). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.