■ E. ANTHONY WILSON et al., Appellants, v HERBERT L. HOCHBERG et al., Respondents. [665 NYS2d 653] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about November 11, 1996, granting defendants' motion to dismiss the complaint and denying plaintiffs' cross motion to consolidate with another related action and bringing up for review, pursuant to CPLR 5517 (b), an order, same court and Justice, entered on or about December 20, 1996, which, *inter alia*, denied plaintiffs' request for leave to replead and otherwise adhered to its original decision, unanimously affirmed, with costs.

Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference, nevertheless, allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, are not entitled to such consideration (*Kliebert v McKoan*, 228 AD2d 232, *lv denied* 89 NY2d 802). Here, plaintiffs' causes of

action for breach of contract by defendants for their alleged failure to sell plaintiffs' restricted stock pursuant to Securities and Exchange Commission rule 144 (17 CFR 230.144) are flatly contradicted by the documentary evidence in the record, and therefore, were properly dismissed. Defendants followed plaintiffs' express written directive that the stock be sold at a specified price below market. Any noncompliance by defendants with SEC rule 144 was immaterial to the agreement, which reflected plaintiffs' motive for the sale—to raise money for personal expenses.

Plaintiffs have not alleged a cause of action for fraud in the inducement and may not convert their so-called contract action into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation (*Hudson v Greenwich I Assocs.*, 226 AD2d 119, *lv dismissed* 89 NY2d 860). Nor did plaintiffs justifiably rely on any misrepresentation by defendants when they decided to contract with them. Further, there was no breach of fiduciary duty by any of the defendants.

Since the record indicates plaintiffs have no viable cause of action against defendants, leave to replead was properly denied (CPLR 3211 [e]; *Hornstein v Wolf*, 67 NY2d 721). Concur— Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.