■ Joseph Mazzucco, Respondent, v Atlas Welding & Boiler Repair, Inc., Respondent, and Regency East Apartments Corp., Appellant. [747 NYS2d 23]

Having accepted workers' compensation benefits from defendant Regency East Apartments Corp., plaintiff is precluded from maintaining an action on the ground that he was actually employed by the building's managing agent (*see Zabava v 178 E. 78*, 212 AD2d 406). Contrary to plaintiff's contention that the Workers' Compensation Board never made a definitive de-

---

termination as to his employer's identity, a finding that defendant was plaintiff's employer at the time of the accident is implicit in the determination authorizing the payment of benefits (*see* Workers' Compensation Law §§ 2, 3, 10). "The existence of an employer-employee relationship in which an industrial accident has occurred is jurisdictionally vital to the maintenance of a workmen's compensation proceeding" and a decision of the Workers' Compensation Board "is final on all questions within its jurisdiction" (*O'Rourke v Long*, 41 NY2d 219, 227; *see also Velasquez v Pine Grove Resort Ranch*, 61 AD2d 1102, 1103, *appeal dismissed* 44 NY2d 949 ["Since awards were made * * *, it necessarily follows that the Workmen's Compensation Board determined that an employer-employee relationship obtained"]). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.