■ EDWARD HYNES et al., Plaintiffs, v START ELEVATOR, INC., Defendant and Third-Party Plaintiff-Respondent. CARMELA MARESCA, Third-Party Defendant-Appellant. START ELEVATOR, INC., Second Third-Party Plaintiff-Respondent, v 410-57TH CORP., Second Third-Party Defendant-Appellant. [769 NYS2d 504]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 20, 2002, denying the motion of third-party defendants-appellants for summary judgment dismissing the third-party complaints against them and granting the cross motion of defendant and third-party plaintiff for leave to amend its third-party complaint to assert a cause of action for contractual indemnification, unanimously reversed, on the law, without costs, the motion granted and the cross motion denied. The Clerk is directed to enter judgment accordingly.

Plaintiffs are a former employee of a cooperative residential building, who allegedly was injured while operating an elevator in the building, and his wife. Defendant in the main action is the elevator company, Start Elevator, which also is the third-party plaintiff in both third-party actions. Third-party defendants are a cooperative corporation that owns the residential building, 410-57th Corp., and its managing agent, Carmela Maresca, who is a nonvoting member of the cooperative board. Maresca and the cooperative corporation, on appeal, seek summary judgment dismissing the third-party action on the basis that the workers' compensation settlement conclusively proved that the cooperative corporation was the injured plaintiff's employer, that the managing agent is entitled to assert the protection afforded a coemployee as a consequence of the workers' compensation settlement, that the grave injury exception to Workers' Compensation Law § 11 does not apply in this case, that, alternatively, neither the cooperative corporation nor the managing agent was negligent in connection with the accident, and that inasmuch as the proposed amendment is meritless and the application therefor was untimely, leave to amend by Start Elevator to include a demand for contractual indemnification should not have been granted.

Plaintiff, in his deposition, admitted being under the general supervision of Maresca and in the employ of the cooperative corporation, although he was less than clear on the corporation's precise name. During his own deposition in February 2000, he thought the employer was "Equity Management," which he identified as the building owner, though during the cooperative board's deposition of plaintiff in June 2001, he identified the owner as "410 East 57th Street Equity Management." He identified his direct supervisor as Patrick Sullivan, the superintendent, who reported to Maresca. Plaintiff performed various tasks, including that of elevator operator. The building had two elevators. They had automatic outer doors and manual inner doors that were opened and closed by the operator. Start Eleva-

tor, pursuant to a maintenance contract with the cooperative corporation, had made numerous service calls during 1996 and 1997, and specifically had made at least five repair calls, not for general maintenance, for elevator number 1 from January to October 1997. During this time frame, complaints were received regarding rattling sounds, and a chain was replaced in December 1997. On December 30, 1997, plaintiff was operating elevator number 1 when it started to jump and vibrate, during which plaintiff fell to his knees. He tried to slow it down by maneuvering the handle, but it continued at normal speed to the basement, where it stopped slightly short of the floor level. Plaintiff stayed working for four more hours, declined to seek medical attention, and indicated to a passenger on the elevator that he was okay. The following day, plaintiff reported the incident to management, which wrote an incident report. The passenger informed the managing agent a few days later that she was fine and had suffered only a slight bump herself. Start Elevator indicated that if the operator had let go of the handle, the elevator should have stopped, though a broken spring might have prevented the stop. Start Elevator's witness at his deposition could not establish what had caused the incident. The elevator was returned to service the following month.

Plaintiff commenced the underlying action against Start Elevator in 1998, pleading common-law negligence and the wife's derivative claim, and Start Elevator commenced separate third-party actions, with cross claims sounding in contribution and indemnification, against Maresca as managing agent and against the cooperative corporation. The third-party defendants asserted the bar imposed by the Workers' Compensation Law as an affirmative defense in their answer, and a counterclaim for indemnification. Depositions were conducted, and plaintiffs filed a note of issue and statement of readiness in August 2001. The present motions for summary judgment in the third-party action ensued in December 2001, and in January 2002, Start Elevator sought leave to amend its third-party complaints to assert claims for contractual indemnification.

In the interim, plaintiff had filed a workers' compensation claim, which was settled in July 1999. In the factual recitation, plaintiff stated that the accident had occurred while he was "in the employ of the 410-57 corporation, also known as Equity Management." The caption listed "410-57 Corp." as well as "Equity Management" as the employer. The motion court, addressing the defense asserted under the Workers' Compensation Law, found unresolved factual issues regarding whether plaintiff and Maresca were employed by the same entity.

It is well established that workers' compensation benefits provide an employee's exclusive remedy against an employer for a workplace injury (*Zabava v 178 E. 78*, 212 AD2d 406 [1995]). Plaintiff has accepted workers' compensation benefits under the settlement, on the representation that both Equity Management and the cooperative corporation were his employers. There is an indication in the record that Equity Management actually functioned to pay bills and paychecks. Notwithstanding some lack of clarity regarding the relationship between the two entities, plaintiff's deposition testimony does not contradict that present third-party defendant cooperative corporation employed him. We have recognized that when an employee files a workers' compensation claim, and the Workers' Compensation Board determines that an identified party is the employer, the employee is thereafter estopped in a civil action from asserting that a different entity is the employer (*Zabava, supra*). Similarly, a building employee, having identified the building owner as the employer and accepting workers' compensation payments on that basis, may not thereafter argue that the building management was actually his employer (*id.*; *Crean v Queens Blvd. Tenants Corp.*, 252 AD2d 352 [1998], *lv denied* 93 NY2d 809 [1999]). Moreover, regardless of whatever other capacities may be ascribed to Maresca, on this record and under the circumstances herein, it is undisputed and clear that she was a coemployee of plaintiff for purposes of the workers' compensation bar (*Crowell v Larkins*, 300 AD2d 1044 [2002]; *Gonzalez v RHQ Assoc.*, 263 AD2d 413 [1999]; *Seudath v Mott*, 202 AD2d 658 [1994], *lv dismissed* 85 NY2d 890 [1995]). Nor is there any evidence in this case to support a claim that plaintiff suffered a grave injury such as would prevent application of the workers' compensation bar (Workers' Compensation Law § 11). Accordingly, the third-party complaints should have been dismissed.

Nor should leave to amend have been provided. Although it is oft-stated that leave to amend should be freely given (*Lambert v Williams*, 218 AD2d 618, 621 [1995]), the party seeking amendment has the burden of establishing the merit of the proposed amendment (*id.*; *Monteiro v R.D. Werner Co.*, 301 AD2d 636 [2003]). There is no basis for contractual indemnification in this case. Start Elevator fails to show why Maresca, who signed the maintenance contract in her then-capacity as president of the cooperative's board, should be personally liable. Regarding the cooperative corporation, the contract provided for a right to indemnification only if the owner had failed to maintain surveillance of the equipment and failed to discontinue use of the elevator when the owner or agent concluded, with the advice of Start Elevator, that it was unsafe. Satisfaction of this condition is not

established in this record. Moreover, the untimely request for leave after the note of issue was filed (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 218 [2003], *lv denied* 100 NY2d 508 [2003]), and the delay for 21 months between the original third-party summons and complaint and the motion to amend, caused prejudice militating against the grant of leave. Concur—Tom, J.P., Sullivan, Rosenberger, Lerner and Friedman, JJ.