■ MORRIS TALANSKY, Appellant, v AMERICAN JEWISH HISTORICAL SOCIETY, Respondent. [779 NYS2d 58]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered June 6, 2003, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The consultant's allegations of a one-year fixed employment agreement were insufficiently pleaded, stating only that he was promised an annual salary of $75,000 and his duties included promoting annual fund-raising campaigns. Nothing was offered to suggest a contractual limitation on defendant's right to discharge at will, or to show plaintiff had been given promises or assurances of any kind regarding the length of term of employment. The unambiguous terms of the agreement flatly contradicted any claim of right to employment for a fixed term of one year (*see Kliebert v McKoan*, 228 AD2d 232 [1996], *lv denied* 89 NY2d 802 [1996]). Indeed, the language of the contract was silent on the duration of the term, indicating an at-will arrangement (*see Martin v New York Life Ins. Co.*, 148 NY 117, 121 [1895]).

Plaintiff cannot be heard to complain about the motion court's reliance on documentary evidence in deciding the postanswer motion to dismiss, since he was the one who submitted a copy of the contested employment agreement in his opposition to the motion and in support of his pleadings. By its own terms, the agreement conclusively established that plaintiff had failed to state a cause of action for breach of contract (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). The second cause of action, for breach of an alleged duty of good faith and fair dealing, was inconsistent with the employer's unfettered right

to terminate the employment arrangement at any time (*see Sabetay v Sterling Drug*, 69 NY2d 329, 335-336 [1987]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.