█ Sheriff's Silver Star Association, Inc., et al., Appellants, v County of Oswego, Respondent. [811 NYS2d 512]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered December 10, 2004 in a breach of contract action. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendant breached its collective bargaining agreement (CBA) and alleged ancillary agreements with plaintiff labor union, pursuant to which defendant had promised to provide health care coverage for active and retired union members, and in addition violated General Municipal Law § 6-n (12). According to plaintiffs, defendant, a self-insurer for the purpose of providing that health care coverage, breached the CBA and ancillary agreements and violated section 6-n (12) in two respects in adopting its 2003 and 2004 budgets. First, defendant allegedly allowed the self-insurance health plan "reserve" to accumulate beyond the sum of $2 million and, second, defendant allegedly misappropriated the $3 million in "excess" reserve funds by spending the funds as general revenue rather than remitting them to the employees and retirees in the form of reduced or suspended health insurance premiums.

Plaintiffs appeal from an order that by its terms granted defendant's motion to dismiss the complaint as time-barred. It appears from the underlying decision, however, that Supreme Court also determined that dismissal was warranted on other grounds raised by defendant, including plaintiffs' failure to state a cause of action and defendant's presentation of a defense founded upon documentary evidence (see CPLR 3211 [a] [1], [7]). We note that, to the extent that the order may be deemed to conflict with the court's decision, the decision controls (see Capruso v Castoire, 24 AD3d 1217 [2005]; Matter of Van Orman v Van Orman, 19 AD3d 1167, 1168 [2005]).

We conclude that defendant established its entitlement to dismissal of the causes of action for breach of contract based on a defense founded upon documentary evidence (see CPLR 3211 [a] [1]). None of the contractual obligations alleged by plaintiffs is set forth in the CBA, the only contractual document in the record, and thus any cause of action for breach of contract is

refuted by documentary evidence, namely, the CBA. In addition, "[b]y its own terms, the [CBA] conclusively establishe[s] that plaintiff[s] . . . failed to state a cause of action for breach of contract" (*Talansky v American Jewish Historical Socy.*, 8 AD3d 150, 150 [2004]; *see* CPLR 3211 [a] [7]; *Gill v Bowne Global Solutions, Inc.*, 8 AD3d 339, 340 [2004]; *Cuomo v Mahopac Natl. Bank*, 5 AD3d 621, 622 [2004], *lv denied* 3 NY3d 607 [2004]). Moreover, plaintiffs' allegation of an oral or tacit agreement by defendant is barred by the parol evidence rule, which precludes a party from introducing extrinsic evidence to add to or vary a complete written contract (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]).

We similarly conclude that, as a matter of law, plaintiffs have failed to state a cause of action for defendant's alleged violation of General Municipal Law § 6-n (12), or for an alleged violation of Insurance Law § 4706, the statute upon which plaintiffs relied in opposition to defendant's motion. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.