█ SETH A. MENSAH, Appellant, v POLYTECHNIC UNIVERSITY et al., Respondents, et al., Defendants. [890 NYS2d 486]—

The court lacked personal jurisdiction of Polytechnic and Belcan because plaintiff pro se served them by mail (CPLR 311 [a]). In addition, the complaint, which seeks compensation for

the appropriation of a design for a "submarine spaceship," fails to state a cause of action against Belcan because it does not indicate Belcan's role in either the design or the manufacture of any submarine spaceship or any connection between Belcan and plaintiff's alleged damages. The complaint also fails to state a cause of action against Polytechnic because plaintiff's factual allegations pertaining to Polytechnic are "either inherently incredible or flatly contradicted by documentary evidence" (*Kliebert v McKoan*, 228 AD2d 232, 232 [1996], *lv denied* 89 NY2d 802 [1996]). Concur—Tom, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.