(November 12, 2015)

■ SERGEY ISHIN, Appellant, v QRT MANAGEMENT, LLC, et al., Defendants, and MICHAEL AKSMAN et al., Respondents. [20 NYS3d 17]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 17, 2012, which granted defendant Jon Bartner's motion to dismiss the complaint as against him, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 17, 2012, which, to the extent appealed from, denied plaintiff's motion for a default judgment against defendant Michael Aksman, and granted Aksman's cross motion to extend his time to answer, unanimously dismissed, without costs.

Plaintiff alleges that he was lured away from a higher paying job as an IT specialist to work for defendant QRT Management LLC as a computer programmer handling financial transactions, pursuant to a fixed two-year employment contract that provided for $120,000 in annual base salary and an annual guaranteed bonus of $60,000, and that he was terminated prematurely, following which QRT Management LLC failed to pay him the contracted-for prorated portion of his guaranteed bonus.

The employment agreement and the termination letter, which identify QRT Management LLC as plaintiff's employer and the obligor on his claim for his guaranteed earned bonus, conclusively refute plaintiff's claim that defendant Bartner owed him a duty based in contract (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Bartner was not a party to the employment agreement, and plaintiff does not allege that he either assumed a duty owed by QRT Management LLC to plaintiff or acted in other than his corporate capacity, such as for personal gain, when he allegedly participated in breaching the contract (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 110 [1st Dept 2002]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515 [2d Dept 1998]). Nor does the employment agreement provide for a fixed term of employment; it states that the guaranteed bonus will be paid "only so long as the individual is employed" (*see Talansky v American Jewish Historical Socy.*, 8 AD3d 150 [1st Dept 2004]).

Plaintiff's claim that he is entitled to recover unpaid compensation pursuant to article 6 of the Labor Law fails because, as a professional who earned in excess of $900 a week, he is not covered by the statute (Labor Law § 190 [7]).

Plaintiff's submissions in support of his motion for leave to amend the complaint fail to establish merit in the additional causes of action for quantum meruit, unjust enrichment and violation of the Delaware Wage Payment and Collection Act (Del Code Ann, tit 19, § 1101 *et seq.*) (*see Hynes v Start El.*, 2 AD3d 178, 181-182 [1st Dept 2003]). The proposed quantum meruit claim is not supported by the requisite allegations that Bartner expressly consented, or otherwise assumed an obligation, to pay plaintiff (*see M. Paladino*, 247 AD2d at 515-516). The proposed quantum meruit and unjust enrichment claims fail to state a cause of action in the absence of allegations establishing either that Bartner stood to gain personally from the services plaintiff rendered or that he acted in other than his corporate capacity (*see Georgia Malone & Co., Inc. v Rieder*,

86 AD3d 406, 408 [1st Dept 2011], *affd* 19 NY3d 511 [2012]). Further, there are no allegations that would support piercing the corporate veil (*see Bonito v Avalon Partners, Inc.*, 106 AD3d 625 [1st Dept 2013]).

The proposed cause of action under the Delaware Wage Payment and Collection Act fails for lack of allegations establishing that plaintiff was an "employee" within the meaning of the Act, i.e., that he was a "person suffered or permitted to work by an employer under a contract of employment either made in Delaware or to be performed wholly or partly therein" (Del Code Ann, tit 19, § 1101 [a] [3]). Concur—Tom, J.P., Friedman, Renwick and Feinman, JJ.

---

Motion for severance denied as academic, the claim against defendant Aksman having been discharged by a bankruptcy decree and discharge order of March 7, 2014. **[Prior Case History: 2012 NY Slip Op 33418(U).]**