# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**788**
**CA 15-00219**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

VAN WIE CHEVROLET, INC., DOING BUSINESS AS
EVANS CHEVROLET, PLAINTIFF-RESPONDENT-APPELLANT,

V                                          OPINION AND ORDER

GENERAL MOTORS, LLC, DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANT.
(APPEAL NO. 3.)

---

LAVIN, O'NEIL, CEDRONE & DISIPIO, NEW YORK CITY (JOHN J. O'DONNELL, OF
THE PENNSYLVANIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

BRESSLER, AMERY & ROSS, NEW YORK CITY (ERIC L. CHASE OF COUNSEL), AND
RIVETTE & RIVETTE, P.C., SYRACUSE, FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from a judgment of the Supreme Court,
Onondaga County (Hugh A. Gilbert, J.), entered November 10, 2014.  The
judgment, among other things, granted in part the motion of defendant
General Motors, LLC to dismiss the complaint, granted in part the
motion of defendant General Motors, LLC for summary judgment and
granted in part the motion of plaintiff for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying plaintiff's motion in its
entirety, granting the motion of General Motors, LLC in its entirety,
and granting judgment in favor of defendant General Motors, LLC as
follows:

It is ADJUDGED AND DECLARED that defendant General
Motors, LLC did not violate Vehicle and Traffic Law § 463
(2) (ff) (1),

and as modified the judgment is affirmed without costs.

Opinion by CENTRA, J.P.:

I.

The primary issue raised on this appeal is whether defendant,
General Motors, LLC (GM), violated Vehicle and Traffic Law § 463 (2)
(ff) (1) when it approved the relocation request of a Chevrolet dealer
in the Syracuse area, but failed to give notice thereof to plaintiff,
Van Wie Chevrolet, Inc., doing business as Evans Chevrolet, another

Chevrolet dealer in the same area.  We conclude that no violation of the statute occurred.

                                    II.

     Plaintiff and defendant Sharon Chevrolet, Inc. (Sharon) both operate Chevrolet dealerships, franchised by GM.  Plaintiff and GM entered into a standard GM Dealer Sales and Service Agreement (Dealer Agreement).  Pursuant to the Dealer Agreement, every GM dealer is assigned an "Area of Primary Responsibility" (APR).  The APR is comprised of census tracts based upon the geography in which a particular dealer is deemed to have a competitive advantage in attracting customers.  The APR is used by GM to assess the performance of dealers in its dealer network.

     Sharon, whose dealership is located 5.28 miles away from plaintiff's dealership, requested approval from GM to relocate its dealership to a site that is 3.97 miles away from plaintiff's dealership.  At first, GM denied Sharon's request, concluding that the relocation would not be in the interests of GM, Chevrolet, or the GM dealer network in Syracuse.  However, after Sharon commenced a federal lawsuit against GM seeking monetary damages for GM's denial of its relocation request, GM approved the relocation and settled the lawsuit.

     Plaintiff commenced this action against GM and Sharon seeking to enjoin GM from taking any action to relocate Sharon.  Supreme Court (DeJoseph, J.) granted Sharon's motion to dismiss the complaint against it, and granted in part GM's motion to dismiss the complaint against it by dismissing five causes of action, leaving only a cause of action for the violation of Vehicle and Traffic Law § 463 (2) (ff) (1) and a cause of action for breach of fiduciary duty (appeal No. 1).  Following discovery, plaintiff and GM moved for summary judgment on the remaining two causes of action.  Supreme Court (Gilbert, J.) granted plaintiff's motion in part on its cause of action pursuant to section 463 (2) (ff) (1) and granted GM's motion in part by dismissing the cause of action for breach of fiduciary duty (appeal No. 2).  A judgment was thereafter entered on the orders in appeal Nos. 1 and 2 (appeal No. 3).  GM appealed from the judgment in appeal No. 3, and plaintiff cross-appeals from the orders in appeal Nos. 1 and 2.

                                    III.

     As a preliminary matter, although plaintiff did not cross-appeal from the judgment in appeal No. 3, we exercise our discretion to treat plaintiff's notice of cross appeal in appeal Nos. 1 and 2 as valid and deem its cross appeal as taken from the judgment in appeal No. 3 (*see Ironwood, L.L.C. v JGB Props., LLC* [appeal No. 2], 130 AD3d 1527, 1528, *lv denied* 26 NY3d 908).  As another preliminary matter, we reject plaintiff's contention that the appeal and cross appeal are moot.  In September 2015, GM approved Sharon's request to relocate to a different site than it had previously requested.  In the letter approving the request, GM explained that Sharon's prior relocation request was currently "closed" as a result of the judgment rendered in

this case, but it further explained that the status of that prior relocation request might change if GM prevailed on the pending appeal. GM stated that, if it prevailed on the appeal, then Sharon would have to choose whether to pursue its current proposed relocation or its prior relocation request. We agree with GM that Sharon did not withdraw its prior relocation request, which is the subject of this appeal, and the appeal and cross appeal are therefore not moot.

IV.

Plaintiff's second cause of action alleges that GM violated the notification requirements of Vehicle and Traffic Law § 463 (2) (ff) (1). Plaintiff sought a declaration that GM's approval of Sharon's relocation would result in a modification of plaintiff's APR and its franchise; that GM violated the notice requirements under the law; that the modification of plaintiff's franchise would adversely affect plaintiff's rights, obligations, investments, or return on investments; and that the modification was not undertaken in good faith or for good cause.

New York enacted the Franchised Motor Vehicle Dealer Act (Dealer Act), codified at Vehicle and Traffic Law § 460 *et seq.*, to protect dealers from "[u]nfair business practices by franchisors" (§ 463). "By enacting the Dealer Act, the legislature sought to address a historical inequality in the vehicle franchise business that favored automobile manufacturers over motor vehicle dealers" (*Beck Chevrolet Co., Inc. v General Motors LLC*, 27 NY3d 379, 393, *rearg denied* 27 NY3d 1187). "The imbalance placed dealers at the mercy of manufacturers who were able to draft and impose protectionist agreements favorable to manufacturers, placing at risk a dealer's financial investment" (*id.*). The statute " 'provide[s] certain basic protection for the dealer in areas where such protection is deemed necessary[, and] . . . the protection afforded the dealer through the [statute] . . . counterbalance[s] the numerous protections afforded the manufacturer under the terms of its franchise agreement with the dealer' " (*id.*, quoting the Memorandum in Support of Legislation). The Dealer Act thus "statutorily overrid[es] agreement provisions that [are] unfair to dealers" (*id.* at 394).

The Dealer Act specifically addresses relocations of dealers and notice to other dealers of the relocation. Vehicle and Traffic Law § 463 (2) (cc) (1) provides that it is unlawful for any franchisor to, inter alia, "relocat[e] an existing new motor vehicle dealer into the relevant market area of an existing franchise motor vehicle dealer of the same line make unless the franchisor provides notice pursuant to the terms of this subdivision." Written notice of the proposed relocation must be given to all dealers "that have a relevant market area that encompasses the proposed site," and the franchisor has the "burden of proving that there exists good cause for any such . . . relocation" (§ 463 [2] [cc] [1]). Section 463 (2) (cc) does not apply, however, to the relocation of

> "an existing new motor vehicle dealer within that
> dealer's own existing relevant market area,

> provided that the relocation not be to a site within the relevant market area of a licensed new motor vehicle dealer for the same line make of motor vehicle, unless such existing franchise was previously located within such new motor vehicle dealer's relevant market area" (§ 463 [2] [cc] [2] [i]).

Inasmuch as it is undisputed that plaintiff's location and Sharon's current and proposed location were within the same relevant market area, we conclude that the exception under section 463 (2) (cc) (2) (i) applied, and plaintiff was not entitled to notice of the proposed relocation pursuant to section 463 (2) (cc) (1). Plaintiff does not contest the dismissal of its first cause of action, which alleges a violation of that section.

As stated above, plaintiff's second cause of action alleges a violation of Vehicle and Traffic Law § 463 (2) (ff) (1), which provides that it is unlawful for any franchisor "[t]o modify the franchise of any franchised motor vehicle dealer unless the franchisor notifies the franchised motor vehicle dealer, in writing, of its intention to modify the franchise of such dealer at least [90] days before the effective date thereof, stating the specific grounds for such modification." Under that subdivision, a modification "means any change or replacement of any franchise if such change or replacement may substantially and adversely affect the new motor vehicle dealer's rights, obligations, investment or return on investment" (§ 463 [2] [ff] [2]). "A modification is deemed unfair if it is not undertaken in good faith; is not undertaken for good cause; or would adversely and substantially alter the rights, obligations, investment or return on investment of the franchised motor vehicle dealer under an existing franchise agreement" (§ 463 [2] [ff] [3]).

The decision by the Court of Appeals in *Beck Chevrolet Co., Inc.* (27 NY3d 379) was issued after the judgment was rendered in this case. In that case, GM gave notice to its dealer that it was changing its area of geographic sales and service advantage (AGSSA) (*id.* at 387), which was a subset of the dealer's APR (*id.* at 396). The Court, answering a question certified by the Second Circuit Court of Appeals, held that "a change in the AGSSA is a change to the franchise" inasmuch as a "revised AGSSA has the potential to significantly impact the franchise agreement" (*id.*). The Court further explained, however, that, "by its terms, section 463 (2) (ff) (1) is concerned only with those modifications that result in *negative* consequences for the dealer, and which meet its requirements for determining whether a change is statutorily impermissible" (*id.* [emphasis added]). Thus, a revision to the AGSSA did not "categorically violate[] section 463 (2) (ff)" (*id.*), but rather the change needed to be "assessed on a case-by-case basis, upon consideration of the impact of the revision on a dealer's position" (*id.* at 397).

In light of the decision in *Beck Chevrolet Co., Inc.*, GM has abandoned its argument that a change in plaintiff's APR was not a modification to the franchise under Vehicle and Traffic Law § 463 (2)

(ff).  GM maintains, however, that while it must give notice to plaintiff of any change in its APR, it is not required to give plaintiff notice under section 463 (2) (ff) (1) of GM's approval of Sharon's relocation request.  GM contends that plaintiff's APR will not change until after Sharon relocates, and no notice is required before then.  Plaintiff, on the other hand, contends that it must have notice of the proposed relocation before it occurs, because the relocation will eventually result in a changed APR.

We agree with GM that the change to plaintiff's franchise is only the change in the APR, and that has not occurred yet, so no notice is yet required under Vehicle and Traffic Law § 463 (2) (ff) (1).  We reject plaintiff's contention that GM's approval of Sharon's relocation request ipso facto results in a modification of plaintiff's franchise for which notice may be required under section 463 (2) (ff) (1).  To construe section 463 (2) (ff) (1) to require notice to a dealer when a franchisor approves a relocation request of another dealer would essentially render section 463 (2) (cc) (1), which requires notice to certain dealers of relocations of other dealers, superfluous.  It is well settled that

> "[a] court must consider a statute as a whole, reading and construing all parts of an act together to determine legislative intent . . . , and, where possible, should 'harmonize[] [all parts of a statute] with each other . . . and [give] effect and meaning . . . to the entire statute and every part and word thereof' "

(*Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115, citing McKinney's Cons Laws of NY, Book 1, Statutes § 98; *see Yatauro v Mangano*, 17 NY3d 420, 426-427).  Courts should construe a statute "to avoid rendering any of its language superfluous" (*Matter of Monroe County Pub. Sch. Dists. v Zyra*, 51 AD3d 125, 130; *see Matter of Ebanks v Skyline NYC, LLC*, 70 AD3d 943, 945).

By enacting Vehicle and Traffic Law § 463 (2) (cc), the Legislature saw fit to require franchisors to give notice to *certain* dealers when relocating another motor vehicle dealer to their relevant market area.  If we construe section 463 (2) (ff) (1) to require notice to be given to *all* dealers who assert that the proposed relocation would result in a modification of their franchise, that would not be harmonizing the two statutory provisions (*see generally Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [must read statutes together and "harmonize the related provisions in a way that renders them compatible"]).  Instead, consistent with *Beck Chevrolet Co., Inc.*, we conclude that a modification to plaintiff's APR is a change to its franchise for which notice under section 463 (2) (ff) (1) may be required if the modification substantially and adversely affects plaintiff's rights, obligations, investments, or return on investments.  But GM's approval of Sharon's relocation, by itself, is not a change to plaintiff's franchise for which notice under section 463 (2) (ff) (1) is required.

Inasmuch as plaintiff's second cause of action sought a declaration, the court erred in failing to declare the rights of the parties (*see* CPLR 3001; *Kemper Independence Ins. Co. v Ellis*, 128 AD3d 1529, 1530).  We conclude that the judgment should be modified by denying plaintiff's motion in its entirety, granting GM's motion in its entirety, and declaring that GM did not violate Vehicle and Traffic Law § 463 (2) (ff) (1).

V.

On its cross appeal, plaintiff contends that the court erred in dismissing the causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, equitable estoppel, and breach of fiduciary duty.  We conclude that those causes of action were properly dismissed.

The court dismissed the causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, and equitable estoppel upon GM's motion pursuant to CPLR 3211 (a) (1) and (7).  On such a motion, "plaintiff's complaint is to be afforded a liberal construction, . . . the facts alleged therein are accepted as true, and . . . plaintiff is to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint fit within any cognizable legal theory" (*Gilewicz v Buffalo Gen. Psychiatric Unit*, 118 AD3d 1298, 1299 [internal quotation marks omitted]).

Article 17.12 of the Dealer Agreement provided that the agreement "is governed by the laws of the State of Michigan."  Parties are "generally free to reach agreements on whatever terms they prefer," including choice of law provisions (*Brown & Brown, Inc. v Johnson*, 25 NY3d 364, 368; *see Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201, *rearg denied* 85 NY2d 1033, *cert denied* 516 US 811).  Such provisions will be upheld unless "the chosen law violates some fundamental principle of justice, some prevalent conception of good morals, [or] some deep-rooted tradition of the common weal" (*Brown & Brown, Inc.*, 25 NY3d at 368 [internal quotation marks omitted]).  "This public policy exception is reserved for those foreign laws that are truly obnoxious[, and] [t]he party seeking to invoke the exception bears a heavy burden of proving that application of [the chosen] law would be offensive to a fundamental public policy of this State" (*id.* at 368-369 [internal quotation marks omitted]).

Here, plaintiff failed to meet its burden of establishing that the public policy exception applied and that New York law should govern this dispute.  Plaintiff's contention that it is a New York business and that the claims relate to New York is clearly insufficient to override the parties' choice of law provision in the Dealer Agreement.

A.

Plaintiff's fourth cause of action alleges that GM breached the Dealer Agreement, including articles 4.1, 4.2, and 4.3.  Plaintiff

alleges that Sharon's proposed relocation and impact on plaintiff's APR was in essence a unilateral modification by GM of the Dealer Agreement.

"To prevail on its claim for breach of contract . . . , [plaintiff] must establish by a preponderance of the evidence that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach" (*Bank of Am., NA v First Am. Title Ins. Co.*, 499 Mich 74, 100, 878 NW2d 816, 829 [2016]). "If the language of a contract is unambiguous, [courts] must enforce the contract as written" (*id.* at 86, 821).

Article 4.1 of the Dealer Agreement provided that GM would "monitor marketing conditions and strive, to the extent practicable, to have dealers appropriate in number, size and location . . ." Article 4.2 of the Dealer Agreement provided that, if GM "determines that marketing conditions warrant a change in Dealer's [APR], it will advise Dealer in writing of the proposed change, the reasons for it, and will consider any information the Dealer submits . . . If [GM] thereafter decides the change is warranted, it will issue a revised Notice of [APR]." Article 4.3 of the Dealer Agreement provided that GM had no obligation "to provide notice . . . for a dealer replacement or relocation, and such events are within the sole discretion of [GM] pursuant to its business judgment."

We conclude that the court properly dismissed the breach of contract cause of action on the ground that the Dealer Agreement did not obligate GM to provide notice or obtain approval from plaintiff before relocating another dealership. Although article 4.2 of the Dealer Agreement required GM to provide notice to plaintiff of any change in its APR, GM did not violate that section because it has not yet changed plaintiff's APR. What plaintiff is really seeking is notice of the relocation, but article 4.3 of the Dealer Agreement specifically provides that GM is not required to provide notice of another dealer relocation. Plaintiff therefore failed to state a claim for breach of contract because there simply was no breach, as established by the language of the Dealer Agreement (*see generally* CPLR 3211 [a] [1]; *Sheriff's Silver Star Assn., Inc. v County of Oswego*, 27 AD3d 1104, 1105-1106, *lv denied* 7 NY3d 712).

B.

Plaintiff's fifth cause of action alleges that GM owed an implied contractual duty of good faith and fair dealing to plaintiff, and GM breached that duty by approving Sharon's relocation.

There are cases from Michigan that state that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing" (*Fodale v Waste Mgmt. of Michigan, Inc.*, 271 Mich App 11, 35, 718 NW2d 827, 841 [2006]; *see Engel Mgmt., Inc. v Ford Motor Credit Co.*, 2009 WL 348828 *4-5 [Mich Ct App, Feb. 12, 2009, No. 279868], *lv denied* 484 Mich 869, 769 NW2d 686 [2009]; *see also Robert Basil Motors, Inc. v General Motors Corp.*, 2004 WL

1125164, *10 [WD NY, Apr. 17, 2004, No. 13-CV-315A]).  However, as explained by a Federal Court, while Michigan does not recognize an *independent* tort action for breach of implied covenant of good faith and fair dealing, it does recognize a breach of contract claim based on the defendant's breach of the duty of good faith and fair dealing (*see McLiechey v Bristol W. Ins. Co.*, 408 F Supp 2d 516, 522 [WD Mich 2005], *affd* 474 F3d 897 [6th Cir 2007]; *see also Lancia Jeep Hellas S.A. v Chrysler Group Intl. LLC*, 2016 WL 1178303, *9 [Mich Ct App, Mar. 24, 2016, No. 329481]; *see generally Hubbard Chevrolet Co. v General Motors Corp.*, 873 F2d 873, 876 [5th Cir 1989], *reh'g denied* 879 F2d 1435 [1989], *cert denied* 493 US 978 [1989]).  "Breach of contract actions based upon the breach of an implied covenant of good faith and fair dealing are limited to contracts where a contractual term leaves the manner of performance to one party's discretion" (*McLiechey*, 408 F Supp 2d at 522; *see Buckhardt v City Natl. Bank of Detroit*, 57 Mich App 649, 652, 226 NW2d 678, 680 [1975]; *Lancia Jeep Hellas S.A.*, 2016 WL 1178303, at *9).  "However, there is no implied duty of good faith where the parties have 'unmistakably expressed their respective rights,' because the implied duty 'cannot override express contract terms' " (*Lancia Jeep Hellas S.A.*, 2016 WL 1178303, at *9; *see Hubbard Chevrolet Co.*, 873 F2d at 877).

Here, as noted above, article 4.3 of the Dealer Agreement provides that GM had no obligation "to provide notice . . . for a dealer replacement or relocation, and such events are within the sole discretion of [GM] pursuant to its business judgment."  Thus, the Dealer Agreement " 'unmistakably expressed' " terms regarding relocations, and there is no implied duty of good faith with respect thereto (*Hubbard Chevrolet Co.*, 873 F2d at 878; *see Parlovecchio Bldg., Inc. v Charter County of Wayne Bldg. Auth.*, 2014 WL 631264, *4 [Mich Ct App, Feb. 13, 2014, No. 313257], *lv denied* 497 Mich 868 [2014]).

C.

Plaintiff's seventh cause of action alleges that GM should be equitably estopped from approving Sharon's relocation.  Plaintiff alleges that it "has done all the tasks, and fulfilled all the requirements that GM has imposed upon [plaintiff]," including expending substantial sums for a certain program, yet GM first disapproved, then approved, Sharon's relocation, which would do grievous harm to plaintiff.

Estoppel is an equitable doctrine that " 'prevents one party to a contract from enforcing a specific provision contained in the contract' " (*City of Grosse Pointe Park v Michigan Mun. Liab. & Prop. Pool*, 473 Mich 188, 203-204, 702 NW2d 106, 116 [2005]).  A party seeking to invoke the doctrine must establish "(1) a false representation or concealment of a material fact, (2) an expectation that the other party will rely on the misconduct, and (3) knowledge of the actual facts on the part of the representing or concealing party" (*Cincinnati Ins. Co. v Citizens Ins. Co.*, 454 Mich 263, 270, 562 NW2d 648, 651 [1997], *reh'g denied* 456 Mich 1201 [1997]; *see Okrie v State*

*of Michigan*, 2016 WL 3365308, \*7 [Mich Ct App, June 16, 2016, No.
326607]).

We agree with the court that the complaint fails to state any
misrepresentations that were made by GM.  Plaintiff alleges in the
complaint that it would be inequitable for GM "to deny its
misconduct," but alleges no actual misrepresentation that was made by
GM.  The complaint does not state a cause of action for equitable
estoppel, and the cause of action was therefore properly dismissed.

### D.

Plaintiff's third cause of action alleges that GM "owe[d]
significant and material fiduciary duties to [p]laintiff."  Plaintiff
listed the factors establishing the fiduciary relationship, including
various requirements imposed upon plaintiff under the terms of the
Dealer Agreement.  Plaintiff alleges that GM breached its fiduciary
duty by approving Sharon's relocation, which it knew would cause great
harm to plaintiff.  Although this cause of action survived GM's motion
to dismiss, the court dismissed it upon GM's motion for summary
judgment.

Under Michigan law, "[a] fiduciary relationship arises when one
reposes faith, confidence, and trust in another's judgment and advice"
(*Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.*, 107 Mich
App 509, 515, 309 NW2d 645, 648 [1981]; *see Ulrich v Federal Land Bank
of St. Paul*, 192 Mich App 194, 196, 480 NW2d 910, 911 [1992]).  "[A]
fiduciary duty arises where there is a fiduciary relationship between
the parties" (*Robert Basil Motors, Inc.*, 2004 WL 1125164, at \*9
[applying Michigan law]).  Although whether a fiduciary relationship
exists is generally a question of fact, Michigan courts are "reluctant
to extend the cause of action for breach of fiduciary relationship
beyond the traditional context" (*Bero Motors v General Motors Corp.*,
2001 WL 1167533, \*4 [Mich Ct App, Oct. 2, 2001, No. 224190], *lv denied*
467 Mich 868, 651 NW2d 917 [2002]).

In *Bero Motors*, the Michigan Court of Appeals held that no
fiduciary relationship existed between GM and its franchisee (*id.* at
\*5).  The Court held that "the parties were 'experienced for-profit
entities in a commercial setting' and plaintiff's simple allegations
of reliance on another was insufficient to establish a fiduciary
relationship" (*id.*).  In addition, in that case, as in this case, a
provision of the franchise agreement stated that no fiduciary
obligations were created by the agreement (*id.*).  The Court held that
this provision "provided notice of the context of the parties' course
of business and thus any reposing of faith, confidence, and trust, and
reliance upon the judgment and advice of another by plaintiff would
have been misplaced, self-defeating and unwise" (*id.*).  The holding in
*Bero Motors* was followed by Federal District Courts applying Michigan
law in other cases involving automobile makers and dealers, with the
courts dismissing the breach of fiduciary duty claims (*see Ford Motor
Co. v Ghreiwati Auto*, 945 F Supp 2d 851, 868 [ED Mich 2013] [holding
that the defendants "do not make allegations that take this case's

controversy outside of a commercial setting"]; *see also Robert Basil Motors, Inc.*, 2004 WL 1125164, at *9).  We therefore agree with GM that the breach of fiduciary duty claim was properly dismissed in this case.

VI.

Accordingly, we conclude that the judgment should be modified by denying plaintiff's motion in its entirety, granting GM's motion in its entirety, and declaring that GM did not violate Vehicle and Traffic Law § 463 (2) (ff) (1).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court