■ JJM SUNRISE AUTOMOTIVE, LLC, Doing business as LYNBROOK AUDI, Appellant, v VOLKSWAGEN GROUP OF AMERICA, INC., Doing Business as AUDI OF AMERICA, INC., et al., Respondent, et al., Defendants. [53 NYS3d 138]—

In an action, inter alia, for declaratory relief, the plaintiff appeals, as limited by its brief and by a letter dated January 5, 2016, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered November 13, 2014, as granted that branch of the motion of the defendant Volkswagen Group of America, Inc., doing business as Audi of America, Inc., which was pursuant to CPLR 3211 (a) to dismiss the first cause of action asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action seeking, inter alia, a declaration that the defendant Volkswagen Group of America, Inc., doing business as Audi of America, Inc. (hereinafter Audi), violated Vehicle and Traffic Law § 463 (2) (ff). The complaint alleged that in May 2013, the plaintiff purchased the assets of Anchor Audi, an Audi dealership in Lynbrook, New York, and entered into a dealer agreement with Audi. The plaintiff was one of two Audi dealerships in Nassau County; the second dealership was located in Great Neck and operated by the defendants Biener Auto Group, Inc. (hereinafter Biener), and Stanley Weinstock. In December 2013, Audi advised the plaintiff that it planned to award a new dealership in Westbury, New York, to Weinstock and Biener. The plaintiff's first cause of action alleged that Audi's plan to award a new dealership in Westbury constituted a modification of the plaintiff's franchise in violation of Vehicle and Traffic Law § 463 (2) (ff).

Audi thereafter moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss, inter alia, the first cause of action, and the Supreme Court granted that branch of Audi's motion. Specifically, the court determined that the first cause of action must be dismissed since Vehicle and Traffic Law § 463 (2) (cc), which provided that a franchisor must establish good cause for the addition of a new dealership in the "relevant market area" of an existing dealership, was the sole mechanism by which the plaintiff could challenge Audi's proposed addition of the Westbury dealership. The plaintiff appeals, arguing that the Supreme Court improperly directed dismissal of the first cause of action.

"Any statute or regulation . . . must be interpreted and enforced in a reasonable . . . manner in accordance with its manifest intent and purpose" (*Matter of Sabot v Lavine*, 42 NY2d 1068, 1069 [1977]). A statutory interpretation that is "contrary to the dictates of reason or leads to unreasonable results is presumed to be against the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 143, Comment). "[W]hen presented with a question of statutory interpretation, [the court's] primary consideration is to ascertain and give effect to the intention of the Legislature" (*Samiento v World Yacht Inc.*, 10 NY3d 70, 77 [2008] [internal quotation marks omitted]; *see Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). Courts should construe a statute "to avoid rendering any of its language superfluous" (*Matter of Monroe County Pub. School Dists. v Zyra*, 51 AD3d 125, 130 [2008]).

By enacting the New York Franchised Motor Vehicle Dealer Act (hereinafter the Dealer Act), codified at Vehicle and Traffic Law § 460, "the legislature sought to address a historical inequality in the vehicle franchise business that favored automobile manufacturers over motor vehicle dealers" (*Beck Chevrolet Co., Inc. v General Motors LLC*, 27 NY3d 379, 393 [2016]; *see Van Wie Chevrolet, Inc. v General Motors, LLC*, 145 AD3d 1 [2016]). The Legislature "expanded protections for dealers by enacting the Dealer Act in derogation of common-law contract rules, statutorily overriding agreement provisions that were unfair to dealers," and thereby "sought to affirmatively 'establish an equilibrium of bargaining power' " (*Beck Chevrolet Co., Inc. v General Motors LLC*, 27 NY3d at 394, quoting Assembly Mem in Support, Bill Jacket, L 1983, ch 815 at 7).

Here, the plaintiff does not dispute that the location of the proposed new Westbury dealership is outside the plaintiff's "relevant market area," and thus, the plaintiff cannot challenge the addition of that dealership under Vehicle and Traffic Law § 463 (2) (cc). As a result, the plaintiff seeks to challenge the proposed addition of the new dealership under Vehicle and Traffic Law § 463 (2) (ff), which provides that a franchisor must give notice to the dealer of any "modification" to the dealer's franchise (Vehicle and Traffic Law § 463 [2] [ff] [1]). However, permitting the plaintiff to challenge the addition of the Westbury dealership under Vehicle and Traffic Law § 463 (2) (ff) would essentially render the standing requirement and specific procedures set forth in Vehicle and Traffic Law § 463 (2) (cc) superfluous (*see Van Wie Chevrolet, Inc. v General Motors, LLC*, 145 AD3d at 8-9). As such, the Supreme Court properly determined that Vehicle and Traffic Law § 463 (2) (cc) is the sole mechanism under the Dealer Act by which the plaintiff can challenge Audi's addition of the proposed new Westbury dealership, and properly directed the dismissal of the first cause of action.

The plaintiff's remaining contention need not be reached in light of our determination. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.