Samper v 352 Broadway LLC (2019 NY Slip Op 05335)





Samper v 352 Broadway LLC


2019 NY Slip Op 05335


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9796 26696/15E

[*1]Joel Samper, Plaintiff-Respondent,
v
352 Broadway LLC, et al., Defendants, A-Z Apartment Building Supply Corp., Defendant-Appellant.


Devitt Spellman Barrett LLP, Smithtown (Felicia Gross of counsel), for appellant.
Lawrence L. Kaye, P.C., Brooklyn (Lawrence L. Kaye of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 3, 2018, which denied the motion of defendant A-Z Apartment Building Supply Corp. (A-Z) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
A-Z established that plaintiff's claims are precluded by the exclusivity provisions of Workers' Compensation Law §§ 11, 29(6) (see generally Fung v Japan Airline Co., Ltd., 9 NY3d 351, 357 [2007]). A-Z submitted evidence showing that following his accident, plaintiff applied for, was awarded, and received Workers' Compensation benefits under A-Z's Workers' Compensation policy (see Mateo v 1875 Lexington, LLC, 134 AD3d 1072 [2d Dept 2015]). The Workers' Compensation Board's finding that A-Z was plaintiff's employer at the time of the accident is implicit in the determination authorizing the payment of benefits (see Mazzucco v Atlas Welding & Boiler Repair, 297 AD2d 513 [1st Dept 2002]).
Plaintiff failed to raise a triable issue of fact, as his submissions do not dispute that he received Workers' Compensation benefits through A-Z's insurance policy. His submission of paychecks issued by defendant 325 Broadway LLC is insufficient to show that A-Z was not his employer, in light of the evidence that he filed for and obtained Workers' Compensation benefits through A-Z's policy (see Zabava v 178 E. 78, 212 AD2d 406 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK