Matter of Williams v Pascale (2024 NY Slip Op 04328)

Matter of Williams v Pascale

2024 NY Slip Op 04328

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-08274
 (Index No. 5064/19)

[*1]In the Matter of Eric Williams, appellant,
v
Judith Pascale, etc., respondent. 

Eric Williams, Wallkill, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Judith Pascale, Suffolk County Clerk, to provide the petitioner with a copy of a court file for a criminal action entitled People v Williams, commenced in the County Court, Suffolk County, under Indictment No. 1289/02, for the fee of $40, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated September 14, 2020. The order and judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner filed a request with the Suffolk County Clerk for a copy of a court file for a criminal action entitled People v Williams, commenced in the County Court, Suffolk County, under Indictment No. 1289/02, in which he was a defendant. The petitioner provided a check for $40 along with his request and cited to CPLR 8019(f), asserting that $40 was the maximum fee that the Suffolk County Clerk could charge for reproducing the court file under that statute. The Suffolk County Clerk denied the request and returned the check, stating that the maximum fee of $40 applied to the reproduction of any single document within the court file, not to the reproduction of the entire court file. The petitioner was informed that the fee for reproducing the entire court file was $985.
The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Suffolk County Clerk to provide him with a copy of the entire court file for a total fee of $40. In an order and judgment dated September 14, 2020, the Supreme Court, inter alia, denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
The issue raised on this appeal is whether the term "record," as it is used in CPLR 8019(f), applies to an entire court file held by a County Clerk or to each document within that court file. That statute provides, in pertinent part, "[t]he following fees, up to a maximum of forty dollars per record shall be payable to a county clerk or register for copies of the records of the office . . . : (1) to prepare a copy of any paper or record on file in the office, except as otherwise provided, sixty-five cents per page with a minimum fee of one dollar thirty cents" (id.).
"'When presented with a question of statutory interpretation, [a court's] primary consideration 'is to ascertain and give effect to the intention of the Legislature'" (Matter of Gannett Satellite Info. Network, Inc. v County of Putnam, 142 AD3d 1012, 1016, quoting Yatauro v Mangano, 17 NY3d 420, 426 [internal quotation marks omitted]; see Lubonty v U.S. Bank N.A., 34 NY3d 250, 255). "When a word is susceptible of two or more significations, the meaning to be given must be determined from the context of the statute, the purpose and spirit of it, and the intention of the lawmakers" (McKinney's Cons Laws of NY, Book 1, Statutes § 235; see City of White Plains v Sassower, 97 AD2d 452, 452). An ambiguous term "must be understood in context and with reference to the words and phrases adjacent to it" (Matter of James Q., 32 NY3d 671, 678; see McKinney's Cons Laws of NY, Book 1, Statutes § 239; Hinton v Village of Pulaski, 33 NY3d 931, 938). Courts "must also interpret a statute so as to avoid an unreasonable or absurd application of the law" (Lubonty v U.S. Bank N.A., 34 NY3d at 255 [internal quotation marks omitted]; see People v Garson, 6 NY3d 604, 614; JRC Beverage, Inc. v K.P. Global, Inc., 223 AD3d 53, 56-57). An "interpretation that is contrary to the dictates of reason or leads to unreasonable results is presumed to be against the legislative intent" (JJM Sunrise Auto., LLC v Volkswagen Group of Am., Inc., 149 AD3d 1051, 1052 [internal quotation marks omitted]).
In denying the petitioner's request, the Suffolk County Clerk properly interpreted the term "record," as it is used in CPLR 8019(f), to apply to each document within a case file, not to the entire case file. The petitioner's interpretation of that term would lead, under many circumstances, to the unreasonable result of making the reproduction of an entire court file cheaper than the reproduction of only portions of that court file.
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court